SCOTT v. STOCKHOLDERS' OIL·CO. et al.

(Circuit Court, E. D. Pennsylvania. May 26, 1903.)

No. 1.

1. SERVICE—MOTION TO QUASH RETURN.

The question of the legal sufficiency of the service on a defendant, upon the marshal's return and the facts shown by the record, may be raised by a motion to set aside the return.

2. SAME—SUFFICIENCY—FOREIGN CORPORATION.

A return showing service of process on a person stated to be the secretary and general manager of a corporation of another state is not sufficient to show legal service on the corporation, where it does not appear from the record that it is an inhabitant of the district of the suit, or has in any manner become subject to the jurisdiction of the court in such district.

Motion to Set Aside Return of Service. On reargument.

Samuel J. Houston and Lawrence W. Baxter, for complainant.

Joseph R. Embery, for respondent.

DALLAS, District Judge. After the motion to set aside the return of service upon the Dumble Development Company had been granted, counsel for plaintiff applied for a reargument, upon the question of the effect which should be given to the marshal's return. That application was allowed, and the question mentioned has since been fully argued. I have, however, not been convinced that the order heretofore made should be disturbed. If the only ground of objection taken to the marshal's return had been that it is untrue in fact, the general rule of practice would be to raise such issue of fact by plea in abatement; but the present motion raises the question of the legal sufficiency of the service, and, for that purpose at least, it may, if well founded, be maintained. United States v. American Bell Tel. Co. (C. C.) 29 Fed. 17.

The Dumble Development Company is admittedly a Delaware corporation. The return does not state, nor does it appear from the record, that it is an inhabitant of this district, or has in any manner become subject to the jurisdiction of this court, and therefore, even if it be true, as stated, that the person served was, when served, "secretary and general manager of said company," yet the return is legally insufficient, because it does not affirmatively show all that is requisite to constitute a valid service.

The order heretofore entered is confirmed.

¶ 2. Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.