SCOTT v. STOCKHOLDERS' OIL CO. et al.

(Circuit Court, E. D. Pennsylvania.   April 28, 1904.)

No. 1.

1. FEDERAL COURTS—PROCESS—SERVICE—PLEA IN ABATEMENT—AFFIDAVIT.

Where, in an action against a foreign corporation, a plea in abatement was filed on its behalf to vacate the service, which averred that the person on whom process was served was neither an agent nor officer of the corporation, an affidavit by the person so served, as required by equity rule 31, that the averments in the plea were true in fact, and that it was not interposed for delay, was insufficient, since the plea on its face showed that such person had no authority to make it on behalf of the corporation.

2. SAME.

Where the return of service on an alias summons in an action against a foreign corporation showed service on the corporation's alleged resident agent on January 20, 1904, a plea in abatement to quash the service, verified on March 3, 1904, and reciting that the person served "is" not an agent or officer of the corporation, was insufficient, since it did not negative the fact that he was such agent on the date of service.

In Equity.   Motion to strike off plea in abatement.

See 120 Fed. 698; 122 Fed. 835.

Samuel J. Houston and Lawrence W. Baxter, for complainant.
Joseph R. Embery, for Theodore J. Dumble.

J. B. McPHERSON, District Judge.   The history of this litigation is as follows:   The service of the summons on the Dumble Development Company was made upon its secretary and general manager, but was set aside by Judge Dallas for the following reasons:

"The Dumble Development Company is admittedly a Delaware corporation. The return does not state, nor does it appear from the record, that it is an inhabitant of this district, or has in any manner become subject to the jurisdiction of this court; and therefore, even if it be true, as stated, that the person served was, when served, 'secretary and general manager of said company,' yet the return is legally insufficient, because it does not affirmatively show all that is requisite to constitute a valid service."   Scott v. Stockholders' Oil Co. (C. C.) 122 Fed. 835.

An alias summons was thereupon issued, and upon this writ the marshal has made return as follows:

"January 20th, 1904, at Philadelphia, in my district, served the within writ on the Dumble Development Company by giving a true and attested copy thereof to Theodore J. Dumble, the registered agent of said company, as will appear by the certificate of the Secretary of the Commonwealth of Pennsylvania, hereto annexed and made part of this return; and at the time of said service I made known to said Dumble the contents of said writ.   I first tried to serve said writ at 1217 Filbert street, Philadelphia, the designated office or place of business of said Dumble Development Company, but I was unable to find said Dumble, its registered agent, at said place.   I then served the

¶ 1. Service of process on foreign corporations, see note to Eldred v. American Palace-Car Co., 45 C. C. A. 3.

said writ as above specified at the dwelling house of said Dumble, 1519 Ruan street, Frankford, Philadelphia."

The certificate of the Secretary of the Commonwealth, attested by the seal of the state, declares under date of January 19, 1904:

"I do hereby certify that the records of this department show, that on November 5, 1902, the Dumble Development Company, a corporation of the state of Delaware, filed in this office a statement of office and agent in compliance with our act of April 22, 1874 [P. L. 108], entitled 'An Act to prohibit foreign corporations from doing business in Pennsylvania, without having known places of business and authorized agents,' designating in said statement as agent Theo. J. Dumble, 1217 Filbert street, Philadelphia; that after careful, thorough and diligent search through the records of this department, I have been unable to find any subsequent statement filed by said company or any substitution or revocation of the authority of the above named Theo. J. Dumble, as agent of said corporation."

Section 1 of the act referred to in the secretary's certificate prohibits any foreign corporation from doing business in Pennsylvania until it has established an office and appointed an agent for the transaction of business in this state. Section 2 is as follows:

"It shall not be lawful for any such corporation to do any business in this commonwealth, until it shall have filed in the office of the Secretary of the Commonwealth a statement, under the seal of said corporation, and signed by the president or secretary thereof, showing the title and object of said corporation, the location of its office or offices, and the name or names of its authorized agent or agents therein; and the certificate of the Secretary of the Commonwealth, under the seal of the commonwealth, of the filing of such statement, shall be preserved for public inspection by each of said agents, in each and every of said offices." P. L. 1874, p. 108.

Upon such an agent service of a writ of summons may be made by virtue of the act of 1903, § 2, cl. "g" (P. L. 139):

"In the case of a registered foreign corporation, partnership limited, or joint stock company, by serving its duly registered attorney as in the case of a summons issued against him personally, or by leaving a true and attested copy thereof for him at the registered place, if he be not found there during the usual business hours of any business day, with the person for the time being in charge of the business carried on at such place."

The return of the marshal, so far as it goes, is in compliance with this statute, but the development company, being of opinion that essential averments of fact are still lacking, and that the facts that are averred are not correctly stated, has filed this plea in abatement:

"The Dumble Development Company, one of the above-named defendants, specially appearing under protest for the purpose of this plea, and for no other purpose, says that this defendant has not properly been served with process; that Theodore J. Dumble is not its agent or officer; that it is not a corporation organized under the laws of the state of Pennsylvania, nor a citizen nor inhabitant of the state of Pennsylvania, nor does it have an office or agency in the state of Pennsylvania, nor does it transact business therein, nor does it have any property therein; but that it is a corporation organized under the laws of the state of Delaware, and residing in Wilmington, in the district of Delaware—all of which matters and things are true."

To which Theodore J. Dumble makes this affidavit:

"Theodore J. Dumble, being duly sworn, says: 'I am the person upon whom service of process was made as agent of the Dumble Development Company. The averments contained in the foregoing plea are true in fact, and the plea is not interposed for delay.'"

The present motion to strike off the plea is founded upon equity rule 31, which declares that:

"No demurrer or plea shall be allowed to be filed to any bill, unless upon a certificate of counsel that in his opinion it is well founded in point of law, and supported by the affidavit of the defendant that it is not interposed for delay, and, if a plea, that it is true in point of fact."

It is contended on behalf of the complainant that the present affidavit does not comply with this rule, because it shows upon its face that it was not made by any person authorized to speak in behalf of the development company. I think this contention is sound. The averment of the plea is that Theodore J. Dumble is not the company's agent or officer, and, assuming this to be true, as must be assumed for the purpose of this motion, it is also true that he discloses no authority to make the affidavit in the defendant's behalf. The company can only speak by one of its agents or officers, and, so far as appears from the plea, the affiant is a stranger to the corporate affairs. It may also be noted that the plea is further defective in this respect: It avers that Theodore J. Dumble "is" not its agent or officer—meaning, of course, upon March 3, 1904, when the affidavit was subscribed, whereas the relevant date to which the plea should refer is January 20th, the day when the alias summons was served. The plea is therefore defective in both particulars, and might be stricken from the files without further ceremony. But I am unwilling to take a step that might be unduly harsh, and shall therefore permit the development company to supply the defects of the plea on or before May 15th.

It may be well for the complainant to consider at this stage of the case whether he has sufficiently complied, or can hereafter sufficiently comply, with the rule that was laid down in St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, concerning what must appear on the record in the case of suits against foreign corporations. The subject is also considered in Earle v. Chesapeake & Ohio Railway Co., 127 Fed. 235, a recent case decided in this court. Otherwise much needless labor and expense may be incurred in the hearing of the suit, while the court may be compelled in the end to dismiss the proceeding of its own motion for want of jurisdiction.

If the plea is not amended on or before May 15th, the clerk is directed to strike it from the files.