## ALLEN v. YELLOWSTONE PARK TRANSP. CO.

(Circuit Court, E. D. Missouri, E. D. May 20, 1907.)

### No. 5,423.

1. CORPORATIONS—FOREIGN CORPORATIONS—PROCESS—SERVICE.

Rev. St. Mo. 1899, § 570 [Ann. St. 1906, p. 597], provides that if the defendant in an action is a corporation organized under the laws of any other state or country, and "having an office or doing business" within the state, summons may be served by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business of the company, or, if it have no office or place of business, then to any officer, agent, or employé in any county where such service may be obtained. *Held*, that a return of service under such provision must either show that the corporation served had an office within the jurisdiction or was doing business there, and a return that the writ issued against defendant, a Yellowstone Park transportation company, was executed in St. Louis, Mo., by delivering a copy of the writ and petition to a railroad company, agent of the defendant, by delivering a copy of the writ and petition to the railroad's chief clerk, the defendant being a foreign corporation and having no office or place of business within the state, was fatally defective.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 2621.]

Service of process, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

2. SAME—RESIDENT AGENT.

Where defendant, a foreign corporation engaged as a common carrier within the Yellowstone National Park, maintained no office or place of business in St. Louis, but authorized the agent of a railroad company doing business there to sell coupon tickets entitling persons traveling over the railroad to transportation by defendant's line through the park, the agent of the railroad company was not an agent of defendant in Missouri on whom process could be served, which would bind defendant to answer in courts sitting in Missouri.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations § 2621.]

On Motion to Quash Sheriff's Return of Service on Defendant.

Jones, Jones, Hocker & Davis, for the motion.
Johnson, Houts, Marlatt & Hawes, opposed.

DYER, District Judge. This suit was brought in the circuit court of the city of St. Louis, and upon application of the defendant was

removed to this court on the ground that it involved a controversy between citizens of different states.

The petition alleges that defendant is a corporation organized under the laws of the state of Montana, and is engaged in the business of transporting passengers and baggage for hire as a common carrier throughout the Yellowstone National Park in the state of Wyoming, and between the different places of interest and the various hotels in said park, and that at said times defendant maintained and still maintains agents in the city of St. Louis and other places in the state of Missouri for the purpose of selling tickets, good for passage over its said lines of transportation, and for the purpose of inducing persons to journey to said park and over the lines of transportation owned and operated by it in said Yellowstone National Park. That said transportation facilities consisted of buses or coaches drawn by horses or mules under the control of and driven by the servants of the defendant. That, while the plaintiff was riding in one of said buses (which was driven by the servants of the defendant), the same was through the negligence of the driver overturned and the plaintiff injured. The defendant appeared in the state court, for the purpose only of having the case removed to this court. The removal was ordered. The return of service by the sheriff of the city of St. Louis in the case was and is as follows:

"Executed this writ in the city of St. Louis, Missouri, this 18th day of January, 1907, by delivering a copy of the writ and petition to the Chicago, Burlington & Quincy Railway Company, a corporation, agent of the within-named defendant, by delivering a copy of the said writ and petition to T. K. Knight, chief clerk of said Chicago, Burlington & Quincy Railway Company, a corporation, in charge of the main office of said Chicago, Burlington & Quincy Railway Company, a corporation, in said city of St. Louis, the president or other chief officer of said Chicago, Burlington & Quincy Railway Company, a corporation, being at the time absent; and said defendant, Yellowstone Park Transportation Company, being a foreign corporation and having no office or place of business in the state of Missouri."

The defendant appears in this court for the purpose only (as stated in its motion) of moving to quash the return of service so had. The grounds assigned in the motion to quash are as follows: First. That the defendant is a corporation organized under the laws of the state of Montana, and is not doing, nor has it license to do, business in the state of Missouri; and it does not appear from said return, or the record herein, that the defendant is doing business in the state of Missouri; that, on the contrary, it does appear that defendant is not doing business in said state. Second. The return that service was had upon an "agent" of this defendant is a mere conclusion on the part of the officer making such service, and the character of the agency of the alleged agent upon whom the service was made does not appear. Third. That it appears that the service was had upon the Chicago, Burlington & Quincy Railway Company, a corporation, not the defendant herein, and that such corporation cannot be the agent of the defendant for the service of process upon defendant. Fourth. That the return is in terms that the service and summons herein was had upon "The Chicago, Burlington & Quincy Railway Company, a corporation, agent of the within-named defendant," without showing what

kind of an agent said Chicago, Burlington & Quincy Railway Company is. Fifth. That the said Chicago, Burlington & Quincy is not the agent of the defendant. Sixth. That to require the defendant to appear upon such service or to proceed thereon to judgment in this cause would deprive this defendant of its property without due process of law, and deny to it the equal protection of the laws, contrary to the immunities secured to it by the fourteenth amendment of the Constitution of the United States, contrary to section 30, art. 2, of the Constitution of Missouri, and deny to it the privileges and immunities of citizens of Missouri secured to it by section 2, art. 4, of the Constitution of the United States. Seventh. That there is and has been no voluntary appearance herein by the defendant, and there is and has been no personal service of summons upon the defendant or levy of an attachment upon its property.

Section 570 of the Revised Statutes of Missouri of 1899 [Ann. St. 1906, p. 597] is as follows:

"Sec. 570. Writ, How Served on Persons and Foreign Corporations.—A summons shall be executed, except as otherwise provided by law, either: First, by reading the writ to the defendant and delivering to him a copy of the petition, or, second by delivering to him a copy of the petition and writ. or, third, by leaving a copy of the petition and writ at his usual place of abode, with some person of his family over the age of fifteen years; or fourth, where defendant is a corporation or joint stock company, organized under the laws of any other state or country, and having an office or doing business in this state, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent, or employé in any county where such service may be obtained, and when had in conformity with this subdivision, shall be deemed personal service against such corporation, and authorize the rendition of a general judgment against it; or, fifth, where there are several defendants, by delivering to the defendant who shall be first summoned a copy of the petition and writ, and to such as shall be subsequently summoned, a copy of the writ, or by leaving such copy at the usual place of abode of the defendant, with some person of his family over the age of fifteen years; sixth, where any action shall be commenced against any county a copy of the original summons shall be left with the clerk of the county court fifteen days at least before the return day thereof. All copies of said writ shall be made by the officer serving the same, and for each copy necessarily made by him he shall be entitled to a fee of ten cents."

This statute requires, as will be seen, that before a foreign corporation can be served within this jurisdiction it must maintain an office, or it must be doing business in this state. The return of the sheriff fails to show that the defendant has an office in this state, or is doing business in this state. Upon the contrary, it shows that the defendant is a foreign corporation, and that the service was had upon the chief clerk of the Chicago, Burlington & Quincy Railway Company. The return states that the railroad company is the agent of the defendant, but says nothing more. I am of the opinion that the return of the sheriff must show that the defendant had an office in this jurisdiction, or was doing business within this jurisdiction. The failure to show one or the other of these things, in my judgment, fails to show proper service. Whether the railroad company was the agent, upon whom service could be had in this case, or whether it was the

agent for any other purpose, does not appear. It merely states that it was the "agent" of the defendant.

Taking the whole record into consideration, it appears that the Chicago, Burlington & Quincy Railway Company sold tickets over its own line to the Yellowstone Park, and then had coupons attached to those tickets that enabled the passengers to take a bus in the Yellowstone Park and go over the lines of the defendant. The real question is as to whether that fact being conceded, and supposing it to have been in the return made by the sheriff, would that have been such service upon the defendant so as to bring it within the jurisdiction of this court? I think not. In the case of Green v. Chicago, Burlington & Quincy Railway Co. (decided by the Supreme Court of the United States on the 29th of April last), 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, the question here involved would seem to be settled against the contention of the plaintiff. In that case Green brought an action in the Circuit Court for the Eastern District of Pennsylvania to recover damages for personal injuries alleged to have been sustained in Colorado through the negligence of the defendant, a corporation created by the laws of the state of Iowa. The return of service in that case showed service "on the Chicago, Burlington & Quincy Railway Company, a corporation which is doing business in the Eastern District of Pennsylvania, by giving a true and attested copy to Harry E. Heller, agent of said corporation." The defendant appeared specially for the purpose of disputing the jurisdiction. The Circuit Court held that the service was insufficient, because the defendant was not doing business within the district. The Supreme Court in its opinion says:

"The eastern point of the defendant's line of railroad was at Chicago, whence its tracks extended westward. The business for which it was incorporated was the carriage of freight and passengers, and the construction, maintenance, and operation of a railroad for that purpose. As incidental and collateral to that business it was proper, and according to the business methods generally pursued and probably essential, that freight and passenger traffic should be solicited at other parts of the country than those through which the defendant's tracks ran. For the purpose of conducting this incidental business the defendant employed Mr. Heller, hired an office for him in Philadelphia, designated him as district freight and passenger agent, and in many ways advertised to the public these facts. The business of the agent was to solicit and procure passengers and freight to be transported over the defendant's line. For conducting this business several clerks and various traveling passenger and freight agents were employed, who reported to the agent and acted under his direction. He sold no tickets, and received no payments for transportation of freight. When a prospective passenger desired a ticket, and applied to the agent for one, the agent took the applicant's money and procured from one of the railroads running west from Philadelphia a ticket for Chicago and a prepaid order, which gave the applicant, upon his arrival at Chicago, the right to receive from the Chicago, Burlington & Quincy Railroad a ticket over that road. Occasionally he sold to railroad employés, who already had tickets over intermediate lines, orders for reduced rates over the defendant's lines. In some cases, for the convenience of shippers who had received bills of lading from the initial line for goods routed over the defendant's lines, he gave in exchange therefor bills of lading over the defendant's line. In these bills of lading it was recited that they should not be in force until the freight had been actually received by the defendant. The question here is whether service upon the agent is sufficient, and one element of its sufficiency is whether the facts show that the defendant corporation was doing business within the district."

In that case the return shows that service was had "on, etc., etc."

In the case now before the court the sheriff's return fails to show as much as was shown by the return upon the writ in the case above referred to. I have not stopped to consider the question as to whether an issue should have been made upon the question of whether the railroad company was or was not, at the time of the service upon it, an agent in fact of the defendant.

Taking the whole record into consideration, I do not find that the Chicago, Burlington & Quincy Railway Company was such an agent of the defendant as would make service upon it sufficient to give this court jurisdiction of the defendant in this suit. The fact that the railroad company sold tickets to and from Yellowstone Park, and also tickets or coupons that were recognized and accepted by defendant for transportation in the park in its conveyances, does not in my opinion show that the defendant was "doing business" in Missouri within the meaning of the statute.

The motion to quash will be sustained.

The same order will be made in 5,424 and 5,425.