SCHEUERLE v. ONEPIECE BIFOCAL LENS CO. et al.

(District Court, E. D. Pennsylvania. March 22, 1917.)

No. 1617.

1. COURTS ⟨⟩322(2)—FEDERAL COURT—JURISDICTION—PLEADING.
    In a bill for infringement of a patent, which alleges that certain defendants are nonresidents of the state, an allegation that they "are now doing business" at a designated place within the district is not a sufficient allegation that they have "a regular and established place of business" within the district, to give the court jurisdiction, under Judicial Code (Act March 3, 1911, c. 231) § 48, 36 Stat. 1100 (Comp. St. 1916, § 1030).
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 878, 879.]

2. EQUITY ⟨⟩124—SERVICE ON NONRESIDENT DEFENDANT—SUFFICIENCY OF RETURN.
    A return of service of a writ of subpœna on a nonresident defendant in an infringement suit, showing service on a person named, but without stating that he was the agent of such defendant engaged in conducting its business within the district, is not sufficient to give the court jurisdiction over such defendant.
    [Ed. Note.—For other cases, see Equity, Cent. Dig. § 303.]

3. PATENTS ⟨⟩310(11)—SUITS FOR INFRINGEMENT—VERIFICATION OF BILL.
    Under equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), which provides that "if special relief pending the suit be desired the bill should be verified by the oath of the plaintiff or some one having knowledge of the facts upon which such relief is asked," a bill for infringement, which asks for a preliminary injunction, must be verified, regardless of whether complainant subsequently insists or omits to insist on such special relief, and the verification by one other than complainant must show that he has knowledge of the facts alleged.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 520.]

In Equity. Suit by Marie E. Scheuerle, administratrix of the estate of Henry A. Scheuerle, deceased, against the Onepiece Bifocal Lens Company, John Rau, president of said company, Wall & Ochs, a corporation, and Charles F. Wall, William L. Wall, and J. Harry Bowers, individually and as officers of Wall & Ochs. On motions by defendants to set aside service and to dismiss. Motions sustained.

Arthur E. Paige, of Philadelphia, Pa., for plaintiff.

John E. Hubbell, of Philadelphia, Pa., and V. H. Lockwood, of Indianapolis, Ind., for defendants Onepiece Bifocal Lens Co. and Rau.

Charles H. Edmunds, of Philadelphia, Pa., for defendant Wall & Ochs.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BRADFORD, District Judge. [1] The bill in this case was filed by Marie Scheuerle, administratrix of Henry A. Scheuerle, deceased, against the Onepiece Bifocal Lens Company, a corporation of Indiana, John Rau, president of said corporation, Wall & Ochs, a corporation of Pennsylvania, Charles F. Wall, William L. Wall and J. Harry Bowers, individually and as officers of Wall & Ochs. The bill charges infringement of reissue letters patent of the United States No. 13,954. The Onepiece Bifocal Lens Company and John Rau, two of the above named defendants, have appeared specially for the purpose of moving that the service of the bill and the subpoena issued thereon be set aside as to them, and have also moved that the bill be dismissed as to them. The remaining defendants, namely, Wall & Ochs, Charles F. Wall, William L. Wall and J. Harry Bowers, individually and as officers of Wall & Ochs, have moved that the bill be dismissed as to them. The motions submitted in behalf of the Onepiece Bifocal Lens Company and John Rau will first be considered. Section 48 of the Judicial Code of the United States is as follows:

"Sec. 48. In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpoena upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

It does not appear that the Onepiece Bifocal Lens Company is an inhabitant of the eastern district of Pennsylvania or has "a regular and established place of business" in that district. On the contrary, it is stated in the bill that "the Onepiece Bifocal Lens Company" is "a corporation organized and existing under the laws of the state of Indiana, a citizen and inhabitant of the state of Indiana, having a place of business at the city of Indianapolis, in the county of Marion in the state of Indiana." Nor does it appear that John Rau either as president or in his individual capacity is an inhabitant of the eastern district of Pennsylvania or that he there has "a regular and established place of business." On the contrary, the bill avers that he is "a citizen of said state of Indiana and a resident of said city of Indianapolis" and nowhere alleges, directly or indirectly, that he has "a regular and established place of business" in the eastern district of Pennsylvania. It is true that it is averred in the bill that the defendants "have jointly and severally infringed" the letters patent sued on "within the eastern district of Pennsylvania," and that all of the defendants "are now doing business under the name or style of Wall & Ochs at 1716 Chestnut Street, in said city of Philadelphia." But these averments fall far short of an allegation that the defendants "have a regular and established place of business" in the city of Philadelphia. Wholly aside from the rule that pleadings, other things being equal, are to be taken more strongly against the pleader, the statement that the defendants "are now doing business" at a certain place fails to disclose that they there have "a regular and

established place of business." See Scott v. Stockholders' Oil Co. (C. C.) 122 Fed. 835; Allen v. Yellowstone Park Transp. Co. (C. C.) 154 Fed. 504; Jackson v. Delaware River Amusement Co. (C. C.) 131 Fed. 134; Tyler Co. v. Ludlow-Saylor Wire Co., 236 U. S. 723, 35 Sup. Ct. 458, 59 L. Ed. 808; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. Ed. 272; General Electric Co. v. Best Electric Co. (D. C.) 220 Fed. 347. But further, section 48 above quoted provides that in a district where acts of infringement have been committed, of which the defendant is not an inhabitant, but has "a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought." The return by the United States Marshal for the eastern district of Pennsylvania on the writ of subpœna was as follows:

"At Philadelphia, in my district, on October 23d, 1916, served the within writ on William L. Wall and J. Harry Bowers, by handing to each of them respectively, a true and attested copy thereof, together with a certified copy of bill of complaint, at same time making contents known to each. On the same date served the within writ on Wall & Ochs, by handing a true and attested copy thereof, together with a certified copy of bill of complaint to William L. Wall, Secretary and Treasurer of said company, at same time making contents known to him. On October 25th, 1916, served within writ on Charles F. Wall, by handing a true and attested copy thereof, together with a certified copy of bill of complaint to him, at same time making contents known to him. On same date served the within writ on Onepiece Bifocal Lens Company and John Rau, by handing two copies of the within writ, together with two certified copies of bill of complaint to William L. Wall."

[2] The service of the subpœna cannot be supported either as to the Onepiece Bifocal Lens Company or John Rau. Nowhere is it stated in the return that William L. Wall was the agent engaged in conducting business at "a regular and established place of business," or that he was an agent either of the Onepiece Bifocal Lens Company or of John Rau. On the contrary, William L. Wall appears from the marshal's return to have been secretary and treasurer, not of the Onepiece Bifocal Lens Company, but of Wall & Ochs. Nor does the bill contain any averment that William L. Wall was the agent of the Onepiece Bifocal Lens Company and John Rau, or of either of them. Further, it appears from the affidavit of William L. Wall, named in the marshal's return, that at the time the subpœna and copy of the bill of complaint were served upon him he was not nor was he at any time an officer, servant, agent, representative or employee of the Onepiece Bifocal Lens Company or of John Rau; that he did not at the time of such service have any authority from that corporation or from John Rau to act for or on behalf of either of them; that he did not then or at any other time have any authority, direct or indirect, from either of them to accept or receive service of any legal or equitable process; that affiant is and for some years has been secretary and treasurer of Wall & Ochs; that Wall & Ochs did not at the time of said service or at any other time have any authority whatever from the Onepiece Bifocal Lens Company or John Rau to act for or on behalf of either of them; and that neither the Onepiece Bifocal Lens Company nor John Rau has ever done business under the name of Wall & Ochs at 1716 Chestnut

Street, Philadelphia, or elsewhere in the eastern district of Pennsylvania. Rau in his affidavit endorses the statements made by William L. Wall. In view of the above considerations the motions for the setting aside of process and the dismissal of the bill as against the Onepiece Bifocal Lens Company and John Rau, whether as president or individually, must be granted; but without prejudice, however, to the right of the plaintiff to sue in a proper district.

[3] The motion in behalf of Wall & Ochs, Charles F. Wall, William L. Wall and J. Harry Bowers, individually and as officers of Wall & Ochs, that the bill be dismissed remains to be considered. One of the reasons on which the motion is based is insufficiency in the verification of the bill. Rule 25 of the equity rules prescribed by the Supreme Court (198 Fed. xxv, 115 C. C. A. xxv) provides, among other things, as follows:

"If special relief pending the suit be desired the bill should be verified by the oath of the plaintiff, or some one having knowledge of the facts upon which such relief is asked."

The bill prays for a preliminary injunction which is "special relief pending the suit" within the meaning of rule 25. It was, therefore, necessary that the bill should be verified by "the oath of the plaintiff or some one having knowledge of the facts upon which such relief is asked." The rule, in so providing for verification of the bill, by plain, if not necessary, implication requires verification by oath or affirmation as to the facts essential to the granting of the relief sought. If the plaintiff has not sufficient knowledge to enable him to verify such essential allegations of fact, "some one having knowledge" of the essential facts is required to verify them. The plaintiff has not complied with this rule. No verification of the bill is made by her, and the oath of Clarence E. Fox, purporting to act as attorney in fact for the plaintiff, is palpably insufficient. He swears that "so far as the statements in said bill are within his own knowledge, they are true, and so far as they are predicated upon information from others, he believes them to be true." This statement is so indefinite as to be valueless. He does not aver, nor does it appear from the bill, what, if any, statements in the bill are within his knowledge, and therefore his averment that so far as the statements in the bill are within his own knowledge they are true, is wholly without weight. Nor does he, directly or indirectly, aver what statements in the bill are predicated upon information from others. The sufficiency of the verification of a bill praying special relief pending the suit does not depend upon any subsequent insistence or omission to insist upon the special relief prayed. The fact that special relief is prayed puts the bill in the category of those which must be verified in accordance with rule 25. The idea that the verification may be treated as sufficient or insufficient by the subsequent attitude of the plaintiff with respect to such special relief is wholly inadmissible. The bill is properly or improperly verified as filed, and whether properly or improperly filed cannot be affected by matter ex post facto. Otherwise confusion and embarrassment would be substituted for regularity and certainty in judicial procedure. The bill must be dismissed with costs as to Wall & Ochs, Charles F. Wall, William L. Wall

and J. Harry Bowers, individually and as officers of Wall & Ochs, at the expiration of twenty days from the date of the filing of this opinion, unless in the meantime it shall be properly verified in accordance with rule 25 (198 Fed. xxv, 115 C. C. A. xxv), for which purpose leave to amend is hereby granted to the plaintiff.