## THERMEX CO. v. LAWSON.

### No. 4729.

District Court, E. D. Illinois.

Nov. 4, 1938.

Lawrence C. Kingsland, Edmund C. Rogers, and Estill E. Ezell, all of St. Louis, Mo., for plaintiff.

Jean P. Drury, of East St. Louis, Ill., for defendant.

WHAM, District Judge.

Since the case is still in the pleading stage it would seem that in view of the provisions of Rule 86 it should be governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, even though the complaint and the motion to dismiss were filed prior to the effective date (September 16, 1938) of said rules.

Under the new rules a suit is not subject to be dismissed on the ground that it is in form a suit in equity whereas it should have been brought as a suit at law. Provision is made for only one form of civil action, whether in law or equity. Rule 2, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The grounds upon which a complaint may be dismissed upon motion are set forth in Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Furthermore, the complaint seems to state a case for equitable relief.

I think it cannot be said from the face of the complaint and from defendant's affidavit in support of his motion to dismiss that the jurisdictional amount is not in controversy in view of the alleged involvement of the good will of the plaintiff's business.

The fact that the complaint is not verified is not important under the new rules as long as the prayer for preliminary injunction is not pressed. In this respect the requirement, heretofore prevailing under Federal Equity Rule 25, 28 U.S.C.A. following section 723, as interpreted in Scheuerle v. Onepiece Bifocal Lens Co., D.C., 241 F. 270, 273, has been modified by the new rules. Rules 11 and 65, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Should the court be asked to grant such interlocutory relief, the plaintiff could not rely upon its unverified complaint as proof but would be compelled to adduce sworn proof. Rule 65(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Likewise, the fact that no indemnity bond has been given does not require the dismissal of the complaint just because it contains a prayer for preliminary injunction. Rule 65(c) prescribes security for payment of costs and damages to be given by applicant only as a prerequisite of the issuance of a restraining order or preliminary injunction. Until such relief is ready to be granted indemnifying security is not required. If the suit is permitted to go to final hearing without interlocutory relief being granted, no security will be required.

The motion to dismiss will be and is hereby denied.

The alternative motion for an order requiring plaintiff to make paragraph 5 of the complaint more definite and certain is denied.