## NATIONAL TRANSFORMER CORPORATION v. ALLIANCE INS. CO. et al.

### No. 48 C 379.

United States District Court
N. D. Illinois, E. D.

Oct. 5, 1948.

Arvey, Hoder & Mantynband, of Chicago, Ill., for plaintiffs.

Clausen, Hirsh and Miller, of Chicago, Ill., for defendants.

SULLIVAN, District Judge.

This action was brought originally in the Circuit Court of Cook County and removed by defendants to this court. Plaintiff seeks to recover amounts claimed to be due under certain fire insurance policies issued by the defendants. Certain of the policies insured plaintiff against loss

directly resulting from necessary interruption of its business caused by destruction or damage to plaintiff's building; and certain of the policies insured plaintiff against loss or damage by reason of vandalism and malicious mischief.

Defendants have filed a motion to strike the complaint on the ground, first, that plaintiff is suing upon separate contracts of insurance issued to it by each individual defendant company, and that plaintiff seeks an accounting and equitable relief against the defendants; and second, that an action at law against defendants is the proper remedy.

Rule 2 of the Rules of Civil Procedure, 28 U.S.C.A., provides:

"There shall be one form of action to be known as 'civil action'."

Rule 38 preserves the right to trial by jury to the parties, providing:

"(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue."

No demand has been made by defendant for a jury trial.

In Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 39, the court said:

"The distinction between Law and Equity, abolished by the new rules, is a distinction in procedure and not a distinction between remedies. The distinction still remains between jury actions and non-jury actions; what was, before the adoption of the new rules, an action at law is a jury action, and what was a suit in equity falls into the catagory of a non-jury action. See Moore's Federal Practice, Vol. 1, page 107, and Vol. 3, page 3004 et seq.; Trial by Jury and the New Rules of Procedure by James, 45 Yale Law Journal, 1022 et seq."

In Thermex Co. v. Lawson, D.C., 25 F. Supp. 414, Judge Wham said:

"Under the new rules a suit is not subject to be dismissed on the ground that it is in form a suit in equity whereas it should have been brought as a suit at law. Provision is made for only one form of civil action, whether in law or in equity. Rule 2, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The grounds upon which a complaint may be dismissed upon motion are set forth in Rule 12, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c."

In Grauman et al. v. City Company of New York, Inc. et al., D.C., 31 F.Supp. 172, 173, in considering a motion to dismiss an amended complaint, the court said:

"I have been troubled from the very outset whether I could pass upon the substantive questions raised or whether the new rules have now simplified the procedure in federal courts to such an extent that a motion such as this has been obviated. After mature deliberation, I am of the belief that I am precluded from passing upon the merits. The reasons which lead me to such conclusion are the following. The new Federal Rules of Civil Procedure have abolished procedural distinctions between actions and the forms of action at law and in equity. So that, there is now only one form of civil action in the federal courts. Rule 2, 28 U.S.C.A. following section 723c. In other words, legal and equitable remedies may be administered in the same forum and in the same action. This, however, has not abolished the substantive distinction between law and equity.

"After the enactment of Equity Rule 22, 28 U.S.C.A. following section 723, and Section 274a of the Judicial Code, 28 U.S. C.A. § 397, the fact that the plaintiff had an adequate remedy at law was no longer grounds for dismissing a bill in equity. Such objection had to be taken by a motion to transfer the cause to the law side of the court. Lyons Milling Co. v. Goffe & Carkener, 10 Cir., 46 F.2d 241, 245, 83 A. L.R. 501.

"With the advent of the new rules, Equity Rule 22 and Section 274a of the Judicial Code have been superseded and Section 267 of the Judicial Code has been superseded insofar as it deals with procedural matters. Moore's Federal Practice, under the new Federal Rules of Civil Procedure, vol. 1, page 108, states the reason therefor:

" 'Statutes Superseded or Modified. Sections 397 and 398 of Title 28 U.S.C., 28

U.S.C.A. §§ 397, 398, which provide for "Amendments to pleadings when case brought to wrong side of court," and "Equitable defenses and equitable relief in actions at law," which together were commonly known as the Law and Equity Act, are superseded.' The reasons are:

" '(1) there is no longer a law side and an equity side of the court; (2) there are no longer actions at law and suits in equity; (3) there is a "civil action" in which all relief must be obtained that could formerly be secured at "law", in "equity," or under the "hybrid"· procedure contemplated by the above sections.

" 'Section 384 of Title 28 U.S.C. 28 U.S.C.A. § 384, "Suits in equity, when not sustainable", is superseded in so far as that section deals with procedural matters and contemplates two separate procedures. In so far as it declares that substantive rights are not to be enlarged, that the propriety or right to extraordinary relief, formerly called "equitable," is not to be extended, the section is believed to be unaffected.'

"The distinction between legal and equitable relief only becomes important when a party desires a jury trial and demands it pursuant to Rule 38 of the new Federal Rules of Civil Procedure. He must be accorded that right if he was entitled to it at common law, or if it has since been given to him by a valid federal statute.

"Further discussion on this phase of the new rules may be found in Volume 1 of Moore's Federal Practice. The language points, it seems, to the solution of the problem before me. I again quote verbatim (p. 196): 'When there are two distinct procedures, one at law and the other in equity, the maintenance of an action in equity whether a bill of peace or a bill based on some other equitable ground involved the matter of deprivation of jury trial * * *. *Under the Rules (new Federal Rules of Civil Procedure) the only problem which remains in similar cases arises when a litigant demands a jury trial under Rule 38. Otherwise it is not necessary to analyze the case to determine whether it is legal or equitable. If, however, a demand for jury trial is made, the question whether the issues are legal or equitable should be settled in the light of the cases just discussed.'* (emphasis and matter in parenthesis by the court)

"Under the circumstances, I feel that a further discussion would serve no useful purpose. It therefore follows that the determination of whether the issues involve legal or equitable remedies may be left to a later date. See Bellavance v. Plastic-Craft Novelty Co. et al., D.C., 30 F.Supp. 37, District of Mass., November 6th, 1939."

██ In the instant case defendant has made no demand for jury trial, therefore under the authority of the above case, determination of whether the issues involve legal or equitable remedies will be left for a later date. Defendants' motion to strike the complaint is denied.