**MILLWORTH CONVERTING CORPORATION, Plaintiff,**

**v.**

**Joseph SLIFKA and Sylvia Slifka, individually and as co-partners doing business under trade names and styles of Slifka Fabrics, Nu-Loom Fabrics, Rose Fabrics Co., Rose Silk Mills, Lonsdale Mills and Joseph Slifka Co., and Balmoral Looms, Inc., and Armory Fabrics, Inc., Defendants.**

United States District Court
S. D. New York.
Feb. 9, 1960.

Ruben Schwartz, New York City, for plaintiff, Robert Adler, New York City, of counsel.

Arnold R. Krakower, New York City, for defendants, George P. Halperin, New York City, of counsel.

DAWSON, District Judge.

These are two actions in which applications have been made for preliminary injunctions pursuant to Rule 65 of the Rules of Civil Procedure, 28 U.S.C.A. Plaintiff seeks to enjoin defendants from alleged infringement of copyrighted reproductions of designs on fabrics. Temporary restraining orders were granted. A hearing has been held and testimony taken. The Court finds the following facts:

(1) Plaintiff is a New York corporation doing business in the City, County and State of New York. Plaintiff is a converter of fabrics used in women's dresses and maintains an art department for the creation of new print designs.

(2) The defendants are residents of the State of New York, or do business within the State of New York, and are engaged in the textile converting business in this city.

(3) In or about July, 1959, plaintiff caused to be printed on fabric and published for use on fabrics a certain design known as plaintiff's "No. 965-Embroiderette." Plaintiff's aforesaid printed design was submitted for copyright registration to the Register of Copyrights, at Washington, D. C. Plaintiff complied with all the requirements for registration of a copyright and on July 15, 1959 a certificate of copyright on said design, No. 8545, Class H, was issued by the Copyright Office to the plaintiff.

(4) The design which was copyrighted was derived from a design used in embroidered decoration on women's dresses. Plaintiff's designer, sometime prior to February 1959, bought a dress which had on it the design in question in embroidered form, which was known as a "Schiffli" design. The dress was sent to plaintiff's fabric printer with instructions to copy the design as closely as possible and to print that design on a piece of plaintiff's goods. Plaintiff's printer photographed the aforesaid embroidered design and printed this design on a piece of white fabric. The result was that a design which was made by embroidery, and which was not copyrighted, was photographed and then transferred by the engraver or printing establishment into a printed form on the materials prepared by the plaintiff. While the arrangements of the decorations which made up the design were the same, one type of material had been decorated by embroidery; the other was decorated by a flat printed design.

(5) Thereafter defendants have been manufacturing and distributing another grade of cloth on which they have, in effect, copied plaintiff's reproduction of the copyrighted design. The copies submitted are so substantially the same in appearance that it is virtually impossible to distinguish one from the other, although there may be slight variations which could be ascertained by a minute examination of the particular designs.

(6) Prior to August 7, 1959 plaintiff created a design for use on fabrics known as "No. 652-Embroiderette" and, having complied with the requirements of the copyright law, filed an application for a copyright thereon, and on August 7, 1959 secured copyright registration No. 8677, Class H, on a design entitled "No. 652-Embroiderette." This design No. 652 was the same as the design No. 965, except that it was printed upon a checked background. The essential design, except for the checked background, was reproduced from designs which had previously been used for embroidery designs which were photographed by the plaintiff and then printed upon cloth bearing a checked background.

(7) Thereafter defendants have been manufacturing and distributing another grade of cloth bearing a checked background on which they have, in effect, copied plaintiff's reproduction of a copyrighted design. The copies submitted are so substantially the same in appearance that it is virtually impossible to distinguish one from the other, although there may be slight variations which could be ascertained by a minute examination of the particular designs.

The argument of the defendants raises several issues:

(a) Could plaintiff legally secure a copyright by duplicating in print form a design which had been in the public domain in an embroidered form for many years?

(b) Are the products of the defendants so close to the copyrighted designs that the Court can find as a fact that there has been an infringement of copyright?

■ Defendants did not contest the issuance of the copyright registrations, nor did they seriously contest the similarity of the copyrighted designs with the designs on the material marketed by them. The main burden of defendants' argument was that plaintiff was not entitled to a copyright on the ground that "if a copyright is not based on an original design created by the plaintiff, his copyright is void as a matter of law." Defendants' conception of the copyright law is incorrect.

A scholarly opinion on substantially this subject was written by Judge Frank in Alfred Bell & Co. v. Catalda Fine Arts, 2 Cir., 1951, 191 F.2d 99. In that case defendants contended that plaintiff's mezzotints could not validly be copyrighted because they were reproductions of work in the public domain. The court rejected this argument. Judge Frank distinguished between the provisions of the patent law and the copyright law relating to originality of invention, or design, as the case may be. Judge Frank recognized that under § 8 of the copyright law a copyright may not be obtained for works in the public domain, but he pointed out that under § 7 of the Act "other versions of works in the public domain * * * shall be regarded as new works subject to copyright under the provisions of this title." 17 U.S.C. § 7.

■ Certainly a print on a fabric is a variation from embroidery on a fabric. In embroidery a three-dimensional effect is gained by the threads which pierce the fabric and lay on top of the fabric. In a print the whole design is flat; a three-dimensional effect, if it is to be achieved, comes from the proper use of lights and shadows in the print. The arrangement of the figures and their characteristics are elements which may be the same on both, but obviously the two products are not the same. One is a print on a fabric; the other is embroidery on a fabric. The copyright law does not require that there be originality in artistic arrangements. If it did it would be impossible to get a copyright on different "versions" of the same work.

In the present case the print displays sufficient originality to warrant a copyright. The fact that the artistic arrangement of the print is derived from the artistic arrangement of embroidery on a fabric does not prevent it from being subject to copyright.

■ The printed fabrics marketed by defendants are so similar to the copy-

righted designs of plaintiff that the Court finds that they constitute infringement. See Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487.

The Court concludes that the copyrights are valid and that they are being infringed by the defendants, which is sufficient basis to require that a preliminary injunction issue. American Code Co., Inc. v. Bensinger, 2 Cir., 1922, 282 F. 829.

Submit proposed injunction order in form to comply with Rule 65(d) of the Federal Rules of Civil Procedure.

This opinion shall constitute the findings of fact and conclusions of law of the Court.

So ordered.