MILLWORTH CONVERTING CORPORATION, Plaintiff,

v.

Joseph SLIFKA and Sylvia Slifka individually and as co-partners doing business under the trade names and styles of Slifka Fabrics, Nu-Loom Fabrics, Rose Fabrics Co., Rose Silk Mills, Lonsdale Mills and Joseph Slifka Co. and Balmoral Looms, Inc., and Armory Fabrics, Inc., Defendants.

United States District Court
S. D. New York.
Oct. 31, 1960.

**630**

Reuben Schwartz, New York City, for plaintiff.

Arnold R. Krakower, New York City, for defendants.

McGOHEY, District Judge.

The defendants move for summary judgment in their favor in each of these actions for infringement of copyrights on fabric designs.

The District Court, upon findings that the copyrights are valid and were infringed, entered orders granting preliminary injunctions. 180 F.Supp. 840. The Court of Appeals affirmed the District Court's findings as to validity but reversed those as to infringement, and, upon its own finding that the defendants had not copied the plaintiff's "expression," held the defendants had not infringed either copyright; and reversed the District Court's orders.[1] The defendants urge that no genuine issue as to any material fact now remains to be tried.

The plaintiff here contends that the record on which the Court of Appeals made its decision was incomplete in that it did not contain evidence which can now be produced to show (a) "that the defendants deliberately copied not only the Schiffli embroidery design, the original source of the plaintiff's design, *but did it from a garment made from plaintiff's fabric*" (emphasis in the original); (b) "that defendants' goods were purchased as a substitute for and in lieu of plaintiff's goods." It further contends it "should be given an opportunity to prove that in copying plaintiff's work defendants had not 'kept clear of its expression'."

Item (a) goes only to the defendants' intent. This would be merely cumulative. It would also be immaterial. Similar testimony is in the record which was before the Court of Appeals. And, although the defendants' failure to offer evidence to rebut the inference from that testimony was noted, the court nevertheless found that "the defendants did not succeed [in copying the plaintiff's expression] *whatever their intent*." (Emphasis supplied.)

Item (b), according to the plaintiff's affidavits, would show only that one customer who found both plaintiff's and defendants' fabrics equally suitable for his purposes, refused to reorder from the plaintiff until its price was reduced to that charged by the defendants. It is difficult to see how this evidence could be material.

The plaintiff does not specify what other evidence it would offer to "prove" that its "expression" was in fact copied by the defendants. But it is clear that whatever this might be, it could not possibly outweigh the evidence of the samples of the respective fabrics themselves. These are part of the record which was before the Court of Appeals. That court was at pains to point out four respects in which the defendants' patterns clearly differ from the plaintiff's. The most significant and immediately observable difference is the lack, in the defendants' patterns, of the "three-dimensional look" which constitutes the "claimed originality and the distinctive feature" of the plaintiff's patterns. No amount of "expert" testimony could possibly overcome this crucial difference.

Accordingly, summary judgment in favor of the defendants is granted in each action.

So ordered.

---

1. 2 Cir., 276 F.2d 443, 445.