FALK *v.* GAST LITH. & ENG. Co., Limited.

*(Circuit Court, S. D. New York. September 25, 1889.)*

**1. COPYRIGHT—ACTION FOR INFRINGEMENT—PROOF OF PUBLICATION OF NOTICE.**
Rev. St. U. S. § 4962, declares that no person shall maintain an action for the infringement of his copyright, unless he shall give notice thereof (in the case of a photograph) by inscribing upon some portion of the face or front of the several copies the words, "Entered according to act of congress," etc. *Held* that, though compliance with this requirement must be pleaded and proved as a prerequisite, complainant is not required to furnish separate, distinct, and specific proof as to each copy which he may have published. Affidavits of those in charge of the preparation of all the copies he has published are sufficient to make out a *prima facie* case.

**2. SAME.**

The *prima facie* case thus made is not overthrown by affidavits that defendants produced their lithograph from one of complainant's photographs, mounted upon a card, without any notice of copyright, but similar in all respects to the cards used by complainant, in the absence of any proof as to the identity of the individual from whom defendant purchased the copy.

In Equity.    Bill for injunction against infringement of copyright.
*Isaac N. Falk,* for complainant.
*Chas. C. Gill,* for defendant.

LACOMBE, J.    The statute provides (section 4962, Rev. St.) that no person shall maintain an action for the infringement of his copyright, unless he shall give notice thereof (in the case of a photograph) by inscribing upon some portion of the face or front of the several copies published, or on the face of the substance upon which they are mounted, the words, "Entered according to act of congress," etc.    Compliance with this requirement must be pleaded and proved as a prerequisite to the maintenance of complainant's action; but it would lay an unreasonable burden upon him to require separate, distinct, and specific proof as to each one of the copies—in some cases, perhaps, thousands in number—which he may have published.    General testimony is sufficient to establish a *prima facie* case.    Complainant has presented the affidavits of those of his employes who have had charge of the preparation of all the copies he has published, and their testimony shows compliance with the statute.

The only question left for consideration is whether the case made by the defendant is sufficiently strong to break down this *prima facie* proof. All that appears by the answering affidavits is that defendants produced their lithograph from one of complainant's photographs, mounted upon a card, without the name of the subject, nor any notice of copyright, but similar in all respects to cards (or mounts) used by complainant. In the absence of any proof as to the identity of the individual from whom defendant purchased the copy, this evidence is not sufficient to warrant a finding, at this stage of the case, that the particular copy was published by complainant in the condition in which defendant saw it; and to require complainant to supplement his general testimony as to the copies published by him, with specific evidence as to the one in question, would be unreasonable, in view of the fact that such copy is not produced.    The motion for injunction is granted.