# EUSTAQUIO PUJALS, Complainant,

### *v.*

# COLUMBIA GRAPHOPHONE COMPANY, Dfts.

Ponce, Equity, No. 1049.

COPYRIGHT

Copyright—Need not Attach Production Infringed.

In a proceeding to restrain the infringement of a copyright and to seek damages for such infringement, it is not necessary for the complainant to incorporate a printed copy of the production claimed to be covered.

Opinion filed March 3, 1922.

To restrain infringement of musical copyright and damages therefor. Order on motion to dismiss.

*Mr. R. V. Perez Marchand* for complainant.

*Mr. Martin Travieso* for defendant.

ODLIN, Judge, delivered the following opinion:

There are two grounds set forth by counsel for defendant in his motion to dismiss the bill. First, it is claimed that this court has no jurisdiction over the person of the defendant, a nonresident corporation, because the latter has no office and has no agent in a legal sense in Porto Rico, upon whom service of process could be made. This point has already been decided by this court and I am still of opinion that the peculiar circum-

XII. Porto Rico.—26.

stances of this case, keeping in view the letter written by the defendant corporation, mentioning Gonzalez Padin Company, as being authorized to act for it, estops the defendant from claiming that service of process on Gonzalez Padin Company did not operate to bring the defendant properly before this court. The decisions which were relied upon by this court in reaching that ruling are set forth in the former opinion filed in this case (page 340) and need not be repeated here.

The other ground upon which the motion to dismiss is based raises a question of pleading. Counsel for defendant argues with much force and plausibility that the bill is fatally defective because of the allegation that the publication of the song composed by complainant was "made in due form," and that this is a mere conclusion of law. And there are cited the cases of Falk v. Gast Lith. & Eng. Co. in 40 Fed. 168, and Ford v. Charles E. Blaney Amusement Co. 148 Fed. 642. Now if the complaint stopped with the words quoted, the point made by counsel for the defendant would be well taken. But counsel for defendant overlooked some of the averments of the bill which followed the words quoted. The complainant, after alleging that on December 27, 1918 he caused the first publication (of his song) to be made, sets forth specifically that he deposited forthwith two copies of his song in the copyright office, etc.; also he avers that said song had not been previously published by the complainant, nor by any other person under his authority or with his consent. It is also to be observed that in ¶ 4, of the bill there is a direct allegation that the defendant negotiated through Gonzalez Padin Company for the sale of the complainant's copyright to the defendant, etc.

I find no decision which requires a complainant in a case of

this kind to attach to his bill or to incorporate in his bill a printed copy of the production claimed to be covered by his copyright.

It is quite clear to me that neither of the two grounds of dismissal of this bill is sound. Therefore, the motion to dismiss must be denied; and the defendant is allowed until Monday March 27, 1922, in which to answer the bill.

To this ruling counsel for the defendant excepts.