## GERLACH–BARKLOW CO. v. MORRIS & BENDIEN, Inc.

Circuit Court of Appeals, Second Circuit.
December 19, 1927.

No. 182.

**1. Copyrights ⊜85—Finding of infringement of copyright, warranting preliminary injunction, held proper, where pictures involved appeared similar in subject, coloring, and general effect.**

Where pictures appeared from inspection to be similar in subject, coloring, and general effect, finding of infringement, for which preliminary injunction was granted, was proper.

**2. Copyrights ⊜67—It is no defense to suit for infringement of copyrighted picture that close scrutiny reveals slight differences.**

In suit to restrain infringement of copyrighted picture, where two pictures appear to be similar from inspection, it is no defense that close scrutiny may reveal slight differences.

**3. Courts ⊜347(2)—Bill for preliminary injunction is bill for special relief pending suit, which must be verified (equity rule No. 25).**

Bill for preliminary injunction is one for special relief pending the suit, within the meaning of equity rule No. 25, which requires such bill to be verified.

**4. Courts ⊜347(2)—Verification on information and belief as to matters in bill not within plaintiff's knowledge is sufficient (equity rule No. 25).**

Verification of bill on information and belief is sufficient compliance with equity rule No. 25 as to such matters as are not within plaintiff's knowledge.

**5. Copyrights ⊜82—Averment on information and belief that painting was original work of art held sufficient, in suit for infringement of copyright (equity rule No. 25).**

Allegation on information and belief that plaintiff's painting was a new and original work of art, and as such copyrightable, held sufficient compliance with equity rule No. 25 in infringement suit, since allegation involved matter of opinion.

**6. Copyrights ⊜85—Bill, affidavits, and exhibits must be examined in determining whether plaintiff proved prima facie case for preliminary injunction for copyright infringement (Copyright Act, § 55, as amended by Act March 2, 1913 [17 USCA § 55]).**

To determine whether plaintiff proved prima facie case for preliminary injunction for copyright infringement, affidavits and exhibits, as well as bill, must be examined, under Copyright Act, § 55, as amended by Act March 2, 1913 (17 USCA § 55), making certificate of registration prima facie evidence of facts stated therein.

**7. Copyrights ⊜12—Works of art need not disclose originality of invention, to be copyrightable, provided distinguishable variation appears.**

Works of art, to be copyrightable, do not, like patents, need to disclose originality of invention, but may present old theme, if there is distinguishable variation.

**8. Copyrights ⊜12—That theme of plaintiff's picture was not original did not prevent preliminary injunction to restrain infringement of copyright, where picture was not mere copy.**

That theme of plaintiff's picture was taken from another picture did not prevent granting of preliminary injunction against infringement of copyright, where picture was not mere copy, but distinguishable variation appeared.

**9. Copyrights ⊜85—Plaintiff, seeking preliminary injunction for infringement of copyright of painting, must prove proprietorship.**

To obtain preliminary injunction against infringement of copyright of painting, under Copyright Act (17 USCA § 1 et seq.), plaintiff must prove that he is the proprietor of the painting.

**10. Copyrights ⊜82—Allegation in bill to restrain infringement of copyrighted picture that plaintiff, after receiving picture, copied and published it, held sufficient allegation of proprietorship.**

Bill alleging that plaintiff, "after receiving the aforesaid picture," copied and published the same and gave notice of copyright, held equivalent to direct averment that plaintiff obtained possession by sale and assignment, constituting prima facie evidence of title, in suit to restrain infringement of copyright, under Copyright Act (17 USCA § 1 et seq.).

**11. Property ⊜9—Possession of chattel is prima facie evidence of title.**

Prima facie evidence of title is shown by proof of possession of chattel.

**12. Copyrights ⊜24—Ownership of unpublished composition presumptively includes privilege of publication and securing copyright.**

Ownership of unpublished composition presumptively includes all rights therein recognized by common law, including privilege of publication and securing of statutory copyright.

**13. Copyrights ⊜83—Where plaintiff, suing for infringement of copyright, prima facie proves title, burden of going forward with evidence shifts to defendant.**

Where plaintiff in suit to restrain infringement of copyright makes prima facie case of title, burden of going forward with evidence to show plaintiff's title is defective shifts to defendant.

**14. Equity ⊜341—Denial on information and belief does not constitute evidence overcoming plaintiff's prima facie showing of title in copyright infringement suit.**

Defendant's denial on information and belief cannot be regarded as evidence overcoming plaintiff's prima facie case of title on bill for preliminary injunction to restrain infringement of copyright.

**15. Copyrights ⊜82—Averment of deposit of two copies of best edition of picture held sufficient, in bill to restrain infringement of copyright (Copyright Act, § 12, as amended by Act March 28, 1914, § 1 [17 USCA § 12]).**

Allegation, in bill for preliminary injunction to restrain infringement of copyrighted picture, that "two copies of the best edition of said picture" were deposited, held to allege sufficient

compliance with Copyright Act, § 12, as amended by Act March 28, 1914, § 1 (17 USCA § 12), requiring deposit of "two complete copies of the best edition thereof then published."

**16. Copyrights ⚫83—Print of picture bearing same title and author's name, and of same description as copyright, held sufficient prima facie proof of identity of copyright, notwithstanding failure to introduce original deposited copies.**

In suit to restrain infringement of copyright, print of picture produced in evidence, bearing same title and name of same author. as copyrighted picture, and corresponding in description to that in certificate of registration, *held* sufficient proof of its existence as copyrighted picture, notwithstanding failure to produce original copies deposited in Copyright Office, which copies had been destroyed.

**17. Copyrights ⚫83—To prove absence of notice of copyright, defendant must show that copyrighted picture left plaintiff's possession without containing statutory notice (Copyright Act, § 18 [17 USCA § 18]).**

To show plaintiff's failure to comply with Copyright Act, § 18 (17 USCA § 18), in respect to notice of copyright, in suit for infringement of copyright, it is not enough to show that copyrighted picture was without statutory notice when it came into defendant's possession, but it must appear that it left plaintiff's possession in that condition.

**18. Copyrights ⚫85—That defendant obtained copies of picture bearing no notice of copyright did not require reversal of decree granting preliminary injunction for infringement, where copies were connected with plaintiff only by imprint of his name (Copyright Act, § 18 [17 USCA § 18]).**

In suit for infringement of copyrighted picture, fact that defendant produced five copies of picture bearing no notice of copyright was insufficient to justify reversal of decree granting preliminary injunction for want of notice under Copyright Act, § 18 (17 USCA § 18), where plaintiff was not connected with such copies, except by imprint of his name on calendar form in which pictures appeared.

**19. Copyrights ⚫29—If copies of pictures were sent merely as samples, statutory notice of copyright was not required (Copyright Act, § 18 [17 USCA § 18]).**

Mere sample advertisement on calendar from which dealer might place orders for calendars mounting picture shown does not require statutory notice of copyright of picture, under Copyright Act, § 18 (17 USCA § 18).

**20. Copyrights ⚫82—Allegation that each copy of copyrighted picture carried notice justified finding that plaintiff sought to comply with requirement respecting notice (Copyright Act, § 9 [17 USCA § 9]).**

Averment in bill for preliminary injunction that each copy of picture carried notice justified finding of plaintiff's attempt to comply with provisions of Copyright Act, § 9 (17 USCA § 9), with respect to notice.

**21. Copyrights ⚫85—Under plaintiff's averment that each copy of copyrighted picture carried notice, granting of preliminary injunction against defendant having actual notice was not abuse of discretion, notwithstanding defendant had received copies lacking statutory notice (Copyright Act, §§ 9, 18, 20 [17 USCA §§ 9, 18, 20]).**

Where plaintiff averred that each copy of picture carried notice of copyright, and actual notice of its existence was brought home to defendant prior to infringement, granting of preliminary injunction was not abuse of discretion, under Copyright Act, §§ 9, 18, 20 (17 USCA §§ 9, 18, 20), notwithstanding defendant had received copies bearing no notice of copyright and merely containing plaintiff's name, since plaintiff made out prima facie case for injunction.

**22. Copyrights ⚫85—Granting of preliminary injunction does not preclude proof at final hearing of plaintiff's failure to publish notice of copyright (Copyright Act, § 9 [17 USCA § 9]).**

Decree granting preliminary injunction against infringement of copyright does not preclude defendant from establishing on final hearing that plaintiff has published copies of copyrighted picture without notice of copyright, under Copyright Act, § 9 (17 USCA § 9).

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Gerlach-Barklow Company against Morris & Bendien, Inc., to restrain infringement of plaintiff's copyright of a picture. From a decree granting a preliminary injunction, defendant appeals. Affirmed.

The case was heard upon the bill of complaint, the answer of the defendant, and supporting affidavits and exhibits filed by both parties. It appears from the bill that one Zula Kenyon, an artist, painted a new and original picture entitled "Song of the Bluebird," which portrays a young child seated upon the top of a wall and looking upward at a bird perched upon the branch of a flowering tree; that the artist sold and assigned to plaintiff all her right in said picture and any reproductions thereof; that the plaintiff thereupon copyrighted the picture and obtained a certificate of registration, showing a deposit of the required copies on February 6, 1925, and thereafter published and sold reproductions of the picture, each copy thereof bearing the required notice of copyright; that defendant attempted to purchase from plaintiff a license to use the copyrighted picture, and, after the failure of such negotiations, caused to be painted a picture closely simulating plaintiff's; copies thereof being published and sold by defendant under the title of "Song of the Lark."

The defendant's answer denied the validity of plaintiff's copyright, both on the ground that the subject-matter of the picture was not original, and on the ground that plaintiff had not complied with the copyright law, and denied that defendant's picture was an infringement. The District Court found that the defendant's picture was purposely made in close imitation of plaintiff's, found infringement, and granted an injunction pendente lite.

Munn, Anderson & Munn, of New York City (T. H. Anderson and Albert J. Clark, both of New York City, of counsel), for appellant.

Edwards & Henry, of New York City (O. Ellery Edwards, Augustus M. Henry, and Arthur G. Previn, all of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1, 2] The parties will be referred to as plaintiff and defendant. One of the errors assigned by the defendant is the finding of infringement. The memorandum of the judge states, not only that the defendant purposely made its picture in close imitation of the plaintiff's, but also that the slight differences which exist were put in merely for the purpose of attempting to make it possible for defendant to appropriate the essential features of the copyrighted picture. The two pictures appear from inspection to be so similar in subject, coloring, and general effect that we regard the contention that the decree should be reversed on the ground of noninfringement as wholly untenable. It is no defense that close scrutiny may detect slight differences. See Gross v. Seligman, 212 F. 930 (C. C. A. 2); Dymow v. Bolton, 11 F.(2d) 690 (C. C. A. 2).

Most of the assignments of error are of a highly technical nature, and relate to the alleged failure of plaintiff in its pleadings and proof to make out a prima facie case of the validity of its copyright.

[3-5] It is objected that the bill alleges certain of the allegations essential to plaintiff's right only upon information and belief, rather than upon direct affirmation, and that the verification by plaintiff's president, Gerlach, is similarly limited. A bill for a preliminary injunction is one for special relief pending the suit, within the meaning of federal equity rule No. 25, which requires such a bill to be verified. Scheuerle v. One-Piece Bifocal Lens Co., 241 F. 270, 273 (D. C. Pa.). But verification by a party upon information and

belief of such matters as are not within his knowledge is a sufficient compliance. Coty, Inc., v. Parfums De Grande Luxe, 298 F. 865 (C. C. A. 2). That artist Kenyon's painting was a new and original work of art, and as such copyrightable, is necessarily a matter of opinion, and Gerlach's averment of this fact upon information and belief was sufficient.

[6-8] To determine whether plaintiff proved a prima facie case, the affidavits and exhibits, as well as the bill, must be examined. That Kenyon was the author of a painting entitled "Song of the Bluebird" is established by Exhibit C, the certificate of registration, which by section 55 of the act (USCA, title 17, § 55) is made prima facie proof of the facts stated therein. See Berlin v. Evans, 300 F. 677 (D. C. Pa.); Fisher v. Dillingham, 298 F. 145 (D. C. N. Y.). Defendant's affidavits allege that plaintiff's president had admitted that the theme of its picture was taken from another picture entitled "Spring Song." Very likely it was, but works of art, to be copyrightable, do not, like patents, need to disclose the originality of invention. While a copy of something in the public domain will not, if it be merely a copy, support a copyright, a distinguishable variation will, even though it present the same theme. See Gross v. Seligman, supra. Kenyon's picture is a sufficient variant to be the subject of copyright under the act.

[9-14] Plaintiff must next prove that he is the "proprietor" of the painting. It is objected that the averment upon information and belief that Kenyon sold and assigned to plaintiff all her right in said picture, and any reproductions of the same, is insufficient to make such proof. But the bill also alleges affirmatively that, "after receiving the aforesaid picture," plaintiff duly copied and published the same and gave notice of copyright. This is equivalent to a direct averment that plaintiff obtained possession of the picture by means of what was believed to be a sale and assignment, and proceeded as proprietor to publish and copyright it. Possession of a chattel is prima facie evidence of title. See Wigmore, § 2515. Ownership of an unpublished composition presumptively includes all the rights which the common law recognized therein, among them being the privilege of publication and of securing a statutory copyright. See Drone, Copyright, 239; Turner v. Robinson, 10 Ir. Ch. 121, affirmed 510; Parton v. Prang, Fed. Cas. 10,784 (C. C. Mass.). The plaintiff made a prima facie case of title, and the burden of going forward with evidence to show that plaintiff's title

was defective then shifted to defendant. See Drone, op. cit. 498, 499; Reed v. Carusi, Fed. Cas. 11,642. Defendant's denial upon information and belief cannot be regarded as evidence overcoming plaintiff's prima facie case. Farmer v. Calvert Lith. Co., Fed. Cas. 4,651 (C. C. Mich.); Lake Shore & M. S. Ry. v. Felton, 103 F. 227 (C. C. A. 6).

[15] It is also argued that the bill does not show compliance with the Copyright Act, which requires in section 12 (17 USCA § 12) the deposit of "two *complete* copies of the best edition *thereof then published.*" The allegation in the bill omits the italicized words, alleging the deposit of "two copies of the best edition of said picture." A copy of a best edition of a picture must necessarily be a complete copy. That the picture was published is directly averred in the fourth paragraph. While the copyright law must be strictly complied with, no servile following of its exact terminology is required. See Bentley v. Tibbals, 223 F. 247 (C. C. A. 2). We regard the objection as without merit, and mention it merely to show that it was not overlooked.

[16] The plaintiff was requested by defendant to produce the original copies deposited in the Copyright Office. This was not done because, after being returned to plaintiff from the Library of Congress, they had been destroyed when plaintiff's office was moved. The defendant now contends that the plaintiff has failed to establish the identity of its copyright, because neither the original picture nor the copies deposited in the Copyright Office were produced, and because Exhibit A, which purports to be a copy thereof, was not shown to be such by any one having adequate knowledge. Even if we lay aside as a legal conclusion the affidavit of the law clerk that Exhibit A is a print of the copyrighted picture, it remains true that Exhibit A bears the same title and the name of the same author as does the copyrighted picture, and that the description of the copyrighted picture in the bill of complaint correctly describes the picture shown as Exhibit A. The certificate of registration states that the picture is entitled, "Song of the Bluebird," that the author is Kenyon, and that the first publication was December 26, 1924, all as alleged in the bill of complaint. If Exhibit A is not the copyrighted picture, it means that plaintiff has substituted for the copyrighted picture another picture by the same author, with the same title and corresponding in general description, and has fraudulently imprinted a notice of copyright thereon. This is an assumption we should be slow to make, without any proof whatever.

Prima facie, the proof that Exhibit A was a copy of the registered picture was enough.

[17-20] It is further contended by defendant that plaintiff has failed to prove compliance with section 18 of the act (17 USCA § 18) in respect to notice. The bill avers that each and every copy of the picture "has carried this legend"—referring to the copyright notice set out in paragraph 4—and further alleges in paragraph 5, upon information and belief, that upon every published copy of the picture there has been inscribed the required notice. The answer denies that plaintiff has complied with the requirements of the act, and asserts it has published copies of the picture without notice of copyright. The affidavit of Mr. Bendien, defendant's president, also states:

"The plaintiff herein is a calendar manufacturer, and when reproductions of plaintiff's said picture were put on the market they were applied to calendars. I remember seeing these calendars for the year 1926, which were without any copyright notice whatsoever. It was for this reason that I took up the matter of obtaining the right to reproduce copies of this picture in print form with the plaintiff. * * *"

Five copies of the picture were presented as exhibits by defendant, bearing no notice of copyright. One of these is affixed to a form for a calendar, and on the calendar form is printed plaintiff's name. None of the other copies bears any name. It is not enough to show that the picture was without the statutory notice when it came into the defendant's possession; it must appear that it left the plaintiff's possession in that condition. Falk v. Gast Lith. & Eng. Co., 54 F. 890 (C. C. A. 2). Bendien's affidavit is open to the same objection. It merely shows that the calendars he saw in 1926 lacked the notice. There is no evidence in the record to show where any of these exhibits came from, or to connect plaintiff with them in any way, unless the imprint of plaintiff's name upon the calendar form is sufficient to do so with respect to that one. The appearance of plaintiff's name upon this may be some evidence that it emanated from plaintiff's establishment. See Wigmore, op. cit. §§ 150, 150a. But it is not sufficient, in the absence of other testimony connecting plaintiff with it, to upset the holding of the court below. See Falk v. Gast Lith. & Eng. Co., 40 F. 168 (C. C. N. Y.). No calendar is attached to the calendar form. Indeed, an inspection of it leaves us in some doubt whether it is more than a sample advertisement, from which dealers might place orders for calendars mounting the picture. If merely a

sample, it did not require the statutory notice. See Werckmeister v. Springer Lith. Co., 63 F. 808 (C. C. N. Y.); Stecher Lith. Co. v. Dunston Lith. Co., 233 F. 601 (D. C. N. Y.).

[21, 22] Under the former law it was provided that no person should maintain a suit for injunction, unless he affixed to the several copies of every edition the statutory notice. Rev. St. § 4962. Even an ineffectual attempt to affix the notice barred suit against an infringer with knowledge of the plaintiff's claim of copyright. Thompson v. Hubbard, 131 U. S. 123, 149, 9 S. Ct. 710, 33 L. Ed. 76. The act now in force has introduced an amelioration. Section 9 (17 USCA § 9) requires notice to be affixed to each copy. Section 18 gives the form of notice, and section 20 (17 USCA § 20) provides what happens in case of an inadvertent omission of the notice, as follows:

"Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who, after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; and in a suit for infringement no permanent injunction shall be had unless the copyright proprietor shall reimburse to the innocent infringer his reasonable outlay innocently incurred if the court, in its discretion, shall so direct."

Under this section, if the plaintiff "has sought to comply," he may enjoin an infringer who had actual knowledge, even though copies of the picture have inadvertently been published without the notice. Plaintiff's averment that each copy has carried the notice justifies a finding that he has sought to comply. Do defendant's affidavits and exhibits raise sufficient doubt, so that the granting of a preliminary injunction was an abuse of discretion? We think not. Defendant's affidavits and exhibits are consistent with the view that any copies omitting notice were published inadvertently or without plaintiff's authority. There is no allegation in answer or affidavit that plaintiff intentionally omitted the notice. None of the exhibits are connected with the plaintiff. Actual notice of the copyright prior to the infringement is brought home to the defendant. Therefore we think the plaintiff made out a prima facie case for the injunction.

We cannot say the injunction was improvidently granted. This does not preclude defendant from establishing upon final hearing, if it can, that plaintiff has published copies of the picture without notice of its copyright. Whether the effect of such proof will, under the present act, put upon plaintiff the burden of proving the omission to have been inadvertent, or what the effect of failure to prove the omission inadvertent, we need not now say. See Weil, Copyright Law, 349, 350. No decision under the present law has come to our attention.

The decree is affirmed, with costs.