**MILLWORTH CONVERTING CORPO-RATION, Plaintiff-Respondent,**

v.

**Joseph SLIFKA and Sylvia Slifka, etc., et al., Defendants-Appellants.**

**Nos. 304, 305, Dockets 26134, 26135.**

United States Court of Appeals Second Circuit.

Argued March 4, 1960.

Decided March 17, 1960.

---

Robert W. Adler, New York City (Ruben Schwartz, New York City, on the brief), for plaintiff-respondent.

Isidore A. Seltzer, New York City (Arnold R. Krakower, New York City, on the brief), for defendants-appellants.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

FRIENDLY, Circuit Judge.

As in Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487, these appeals from orders granting temporary injunctions bring before us questions arising from the use of copyright to protect fabric designs.

Plaintiff owns two copyrights for designs known as "No. 965-Embroiderette" and "No. 652-Embroiderette." The certificates are in the form used by the Register of Copyrights for "reproductions of a work of art," 17 U.S.C. § 5(h); the nature of the work is described as "Design." The designs covered by the two copyrights are identical in form, but the fabrics differ somewhat in appearance since No. 965 was printed on a white and No. 652 on a checked red-and-white background. However, as the legal questions are the same, we shall generally discuss the case as if only one copyright were involved.

In contrast with Peter Pan, the design that plaintiff's fabric reproduced was not original with it. Plaintiff had seen the design embroidered on a dress which its stylist bought. The embroidery was what is known in the trade as "Schiffli," this referring to a machine making embroidery of quality. Plaintiff's stylist had the embroidered design photographed and then worked with its fabric printer for some months to develop an arrangement of varying colors that would give on a flat surface something of the three-dimensional effect of embroidery. Plaintiff copyrighted a fabric reproduction so made in the summer of 1959, and offered the fabrics for sale to dress manufacturers shortly thereafter. No question is raised as to plaintiff's compliance with 17 U.S.C. § 10 concerning the copyright notice, see Peter Pan v. Martin Weiner Corp., supra.

At the end of 1959, defendants began to market among dress manufacturers fabrics which plaintiff claims to infringe its copyrights. One of plaintiff's salesmen testified that a salesman of defendants, to whom he had complained of defendants' copying, admitted they had purchased a dress containing plaintiff's copyrighted design. Defendants offered no evidence to rebut the inference from this.

At the end of January, 1960, plaintiffs brought two actions in the Southern District of New York for infringement of their respective copyrights. Plaintiffs sought temporary injunctions. Judge Dawson directed a hearing; this was held on February 1. Acting with dispatch, the judge handed down on February 9 an opinion directing that temporary injunctions issue; orders to that end were entered on February 15. Defendants appealed to this Court, 28 U.S.C. § 1292(a) (1), and moved for stays. When these motions came on for argument on February 29, Judge Clark, who was presiding, pointed out that, because of the relatively short lives of designs such as these, decisions with respect to the stays would determine the appeals for all practical purposes and suggested early argument on the appeals themselves. Accordingly, these were argued on March 4.

Defendants do not dispute that the "Schiffli" embroidered design was a

"work of art," 17 U.S.C. § 5(h), Mazer v. Stein, 1954, 347 U.S. 201, 74 S.Ct. 460, 98 L.Ed. 630. Their principal argument both in the District Court and here was that, despite this, plaintiff's copyright was invalid since, in contrast with Peter Pan, the embroidered design was in the public domain and, as defendants alleged, plaintiff's reproduction contained no element of originality. We think Judge Dawson correctly held defendants' attack on the validity of the copyrights to be foreclosed by the principle enunciated in Alfred Bell & Co. v. Catalda Fine Arts, Inc., 2 Cir., 1951, 191 F.2d 99, which upheld copyrights on mezzotint reproductions of paintings that were in the public domain. Judge Frank's opinion explained, with care and learning, the difference between the requirement of invention for patents and that of originality for copyrights, and reaffirmed the statement in Gerlach-Barklow Co. v. Morris & Bendien, Inc., 2 Cir., 1927, 23 F.2d 159, 161, that the latter requirement was satisfied, in the case of a reproduction of a painting in the public domain, by "a distinguishable variation." Here plaintiff offered substantial evidence that its creation of a three-dimensional effect, giving something of the impression of embroidery on a flat fabric, required effort and skill. Although others may have done the same with respect to other "Schifflis," plaintiff's contribution to its reproduction of this design sufficed to meet the modest requirement made of a copyright proprietor "that his work contains some substantial, not merely trivial, originality." Chamberlin v. Uris Sales Corp., 2 Cir., 1945, 150 F.2d 512, 513.

Plaintiff's case fails not on validity but on infringement. Here also the opinion in Alfred Bell & Co. v. Catalda Fine Arts, supra, went to the heart of the problem in pointing out, 191 F.2d at page 105, that, while "defendants' arguments about the public domain" had proved irrelevant on the issue of validity, they could be relevant "in their bearing on the issue of infringement, i. e., whether the defendants copied the mezzotints." Judge Frank made his precise thought plain by reference to the "Dishonored Lady" case, Sheldon v. Metro-Goldwyn-Mayer Pictures Corp., 2 Cir., 81 F.2d 49, 54, certiorari denied, 1936, 298 U.S. 669, 56 S.Ct. 835, 80 L.Ed. 1392. There the basic story, of the ill-fated Madeleine Smith, had long been in the public domain. However, plaintiffs had taken from this "but the merest skeleton," and the requirement of originality was amply satisfied. Nevertheless as Judge Learned Hand explained, the "public demesne" remained important on the issue of infringement since defendants are "entitled to use, not only all that had gone before, but even the plaintiffs' contribution itself, if they drew from it only the more general patterns; that is, if they kept clear of its 'expression.'"

We think that is what defendants' fabric did. The claimed originality and the distinctive feature of plaintiff's reproduction is the three-dimensional look; this is what defendants' fabric lacks. Additionally, the butterfly patterns in plaintiff's fabrics do not appear in defendants'; the well defined bands of color in plaintiff's cloth are not duplicated; and the sharp outline of plaintiff's patterns contrasts with the somewhat diffuse nature of the patterns and coloring in defendants' fabrics. We need not determine whether if the basic design had been original with plaintiff, defendants' fabric might not be sufficiently imitative to infringe under the test laid down by Judge Hand in Peter Pan. For here, in contrast, the basic design was in the public domain and plaintiff was entitled to relief only if defendants copied its "expression," as the defendant in Alfred Bell v. Catalda Fine Arts, supra, was found to have done. See Judge Smith's full opinion in the District Court, D.C.S.D.N.Y.1947, 74 F.Supp. 973, 977. See also Gross v. Seligman, 2 Cir., 1914, 212 F. 930. Cf. Eggers v. Sun Sales Corp., 2 Cir., 1920, 263 F. 373. This defendants did not succeed in doing, whatever their intent.

We recognize that the District Judge found the contrary and that, in reviewing his order, we are bound by

Fed.R.Civ.Proc. 52, 28 U.S.C. However, the record contains almost no evidence on the issue of infringement other than the fabrics themselves. In such a case, as has been said with respect to trademark infringement, "we are in as good a position as the trial judge to determine" the issue. Eastern Wine Corp. v. Winslow Warren, Ltd., 2 Cir., 137 F.2d 955, 960, certiorari denied, 1943, 320 U.S. 758, 64 S.Ct. 65, 88 L.Ed. 452. See Orvis v. Higgins, 2 Cir., 180 F.2d 537, 539, certiorari denied, 1950, 340 U.S. 810, 71 S.Ct. 37, 95 L.Ed. 595. Moreover, the District Judge's citation of the Peter Pan decision on the issue of infringement at least suggests that he may have used a test that was not wholly applicable where the "work of art" was in the public domain and thus only plaintiff's "expression" was protected.

The orders granting temporary injunctions are therefore reversed.