**MATTEL, INC., Plaintiff,**

v.

**S. ROSENBERG CO., Inc., Defendant.**

**No. 68 Civ. 4641.**

United States District Court
S. D. New York.
Dec. 27, 1968.

Friedman & Goodman, Brooklyn, N. Y., for plaintiff.

Blum, Moscovitz, Friedman & Kaplan, New York City, for defendant.

## MEMORANDUM

FRANKEL, District Judge.

In this suit for copyright infringement, plaintiff seeks injunctive and other relief against alleged copying of two sets of copyrighted toy products: (1) plaintiff's "Kiddle Kolognes," consisting of dolls and scents encased in transparent perfume-type bottles, for which plaintiff has obtained not less than six separate copyrights, all covering identical size and shape of bottles, packaging and other features, but with different dolls and scents; and (2) its "Jewelry Kiddles," subject of two copyrights covering dolls in transparent cases mounted on rings, bracelets, and pins or brooches. The allegedly infringing items are, respectively, defendant's "Perfume Playmates" and "Trinket-Teen" jewelry items, both of which lines defendant obtains from a Hong Kong manufacturer. Plaintiff has moved for a preliminary injunction.

The parties tender a variety of traditional equity arguments, the net result of which is to make the central question of copying *vel non* substantially decisive for purposes of the pending motion. Thus, it is suggested by defendant that plaintiff knew of defendant's products last summer; that although plaintiff then undertook to block importation of the offending things, it brought no lawsuit until last month; and that, the selling season for Christmas 1968 being now ended, there is no urgent need for temporary injunctive relief. The other side of this coin is defendant's implicit acknowledgment that *its own* business will not be severely hurt by an injunction now, whereas plaintiff asserts with merit that its copyright interests, if there is infringement, will suffer continuing impairment unless its assertedly clear right to relief is promptly vindicated. Cf. American Visuals Corp. v. Holland, 261 F.2d 652, 654 (2d Cir. 1958).

Defendant also asserts, without contradiction, that it is financially responsible and well able to respond in damages should plaintiff ultimately prevail. This is a valid consideration, of course, weighing to some extent against the extraordinary remedy plaintiff seeks. But it is by no means decisive. And the papers make it equally clear that plaintiff can afford a substantial bond to provide for compensation if defendant is wrongfully enjoined *pendente lite*.

Both parties say some other things of lesser significance for the problem before the court, and both test the limits of advocacy a little. Defendant's President asserts repeatedly, and presumably truthfully, that *he* had not seen plaintiff's things before producing the alleged copies and that *he* and his company did no copying. All that can hardly matter, however, when the accused objects come from Hong Kong, so that the

question must obviously be whether the talented copyists who work there should be found to have employed their skills with plaintiff's toys as models. Plaintiff, to divide the honors, has made much of the contention that this court (and, indeed, this specific member thereof) knows of defendant's evil proclivities because of a preliminary injunction entered just over a year ago to stop this defendant from copying certain other dolls copyrighted by plaintiff. The injunction in question was, for whatever relevant or irrelevant reasons may account for such things, entered on consent—a fact plaintiff's counsel vividly failed to mention at the oral argument when I vividly could not remember the decree in question, although it had to be clear that the point would not long remain a secret.

■ The net of the several other points leads, as I have indicated, to this: the case is one in which a strong likelihood of success on the claim of infringement should lead to a preliminary injunction, but anything less should not. Cf. Rushton v. Vitale, 218 F.2d 434 (2d Cir. 1955); Joshua Meier Co. v. Albany Novelty Mfg. Co., 236 F.2d 144, 147 (2d Cir. 1956). Proceeding upon this premise, I conclude that there should be a restraint now protecting plaintiff's Jewelry Kiddle copyrights, but that temporary relief is not warranted with respect to the Kiddle Kolognes.

### 1. *The Jewelry Kiddles*

■ Having studied plaintiff's Jewelry Kiddles, defendant's Trinket-Teens, and the competing assertions about them, I find numerous and detailed similarities on such a scale that it is exceedingly unlikely these could have resulted from anything but copying (there being no suggestion that the relationships in time or anything else may be inconsistent with a finding of access). The misshapen and (to at least one observer) slightly gruesome dolls are almost microscopically identical in their dimensions and their distortions. Where there were obvious choices to be made in design,

shape, position, and other attributes, the choices were, over and over again, identical. The minute resemblances extend to mounting, packaging, and combinations of the individual items as well as to each individual item in itself. There are differences, to be sure, and defendant's products are visibly inferior in several respects. But the divergences are such as to comprise no more than patently transparent efforts to conceal the overwhelming evidence of identity resulting from imitation. Cf. Scarves by Vera, Inc. v. United Merchants, etc., 173 F.Supp. 625, 627 (S.D.N.Y.1959); Nimmer on Copyright § 143.2 at pp. 632–33 n. 120 (1964).

### 2. *The Kiddle Kolognes*

■ With respect to this remaining product, there are, again, numerous resemblances between plaintiff's and defendant's. But there are also significant differences—especially significant because the scope of the creativity and originality plaintiff can claim on this aspect of the case is notably slight. Cf. Millworth Converting Corp. v. Slifka, 276 F.2d 443, 445 (2d Cir. 1960); Blazon, Inc. v. De Luxe Game Corp., 268 F.Supp. 416, 424 n. 3 (S.D.N.Y.1965).

Dolls in bottles, as the parties agree, are old stuff. It appears, in fact, that defendant came on the market over a year ago with a doll in a facsimile of a soda pop bottle, dubbing it "Soda Fizz Kid," and made no effort to copyright it, while plaintiff, thereafter, began to market a closely similar thing for which it obtained a copyright registration under the name "Kola Kiddles." Apart from that, third parties have produced a variety of dolls in bottles, including dolls in bottles containing some scent comparable to the "kologne" or perfume featured here. Evidently very conscious of what a well-plowed field this is, the plaintiff has six separate copyrights on its six "Kiddle Kolognes"—the variations being trivial ones of cap color, scent, and other details, while the similarities among the six are numerous, detailed, and nearly total.

In this setting, the differences between plaintiff's copyrighted Kiddles and defendant's products become substantial and very possibly decisive. Cf. Millworth Converting Corp. v. Slifka, supra; Blazon, Inc. v. De Luxe Game Corp., supra. The differences include shape of bottle, cap, and stand, and differences between the respective dolls. Considering these factors alone, it cannot be said now that plaintiff shows a high probability of success in its ultimate efforts to show copying.

On the particular facts, as they now appear, it is also of some measurable weight that an expert (a toy buyer for a chain of 5 and 10 cent stores, so-called) who deals with both parties and stocks both Kiddle Kolognes and Perfume Playmates reports that: (a) the products are distinctly different as he sees them; and (b) customer reactions indicate that the buying public distinguishes the two. These impressions accord with my own untutored reactions as I gaze upon the several specimens submitted for this adjudication. While no expert, however much more conversant with the subject matter, could usurp the court's authority as an "ordinary observer" over this question, cf. Ideal Toy Corp. v. Fab-Lu Ltd. (Inc.), 360 F.2d 1021 (2d Cir. 1966), it seems permissible to be influenced in some modest degree by such views as to whether the objects are so much alike that they should be supposed at this preliminary stage to be copied one from the other. Cf. Arnstein v. Porter, 154 F.2d 464, 468 (2d Cir. 1946); Prestige Floral, etc. v. California Artificial Flower Co., 201 F.Supp. 287, 293 (S.D.N.Y.1962).

In accordance with the foregoing views, a temporary injunction will issue restraining defendant from infringing plaintiff's Jewelry Kiddle copyrights—and, specifically, from manufacturing, publishing, selling, marketing, or otherwise disposing of any infringing products. An order will be settled on notice. In submitting its proposed order, each party should supply a brief memorandum (and any other appropriate documentation) supporting its views as to the amount of a bond plaintiff will be required to post and any other aspects of the decree that may seem to require particular comment.