**CONCORD FABRICS, INC., Plaintiff,**

v.

**GENERATION MILLS, INC., Defendant.**

**71 Civ. 750.**

United States District Court,
S. D. New York.

March 9, 1971.

Kreindler, Relkin, Olick & Goldberg, New York City, for plaintiff.

Ruben Schwartz, New York City, for defendant.

MEMORANDUM

FRANKEL, District Judge.

Plaintiff Concord Fabrics, Inc., seeks a preliminary injunction against alleged infringement by defendant, Generation Mills, Inc., of a copyrighted fabric design. Upon ex parte submissions describing its work as "a highly original design," and claiming its huge sales would soon be shut off by the alleged infringement, plaintiff obtained a temporary restraining order dated February 19, 1971. For the reasons which follow, the motion for a preliminary injunction is denied.

The copyrighted design is composed of large alternating squares of Madras-type patterns and solids. The design was first published on June 25, 1970, and was issued Registration No. H42990 on November 18, 1970. Plaintiff claims to have printed the design on some 1,500,000 yards of cloth, and to have sold hundreds of thousands of yards. It appears that defendant is selling its allegedly infringing design for ten cents per yard less than plaintiff's price, and this is said, though without concrete documentation, to be having a major effect on plaintiff's sales during the peak selling season.

The parties seem to agree that in copyright cases a preliminary injunction should issue "if plaintiff can show a reasonable probability of prevailing on the merits," Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., 409 F.2d 1315 (2d Cir. 1969), and that "the requisite showing of probable success is achieved by a prima facie showing that the moving party's copyright is valid and that the defendant has infringed," Life Music Inc. v. Wonderland Music Company, 241 F.Supp. 653, 654 (S.D.N.Y.1965).

In opposing the motion for preliminary injunction, defendant first questions the validity of plaintiff's copyright, disputing the originality of plaintiff's design. In support of this point, defendant has submitted fabric samples and other material in an effort to dem-

onstrate that plaintiff's design has been popular for years.[1]

There is no dispute that a basic fabric design called "Indian Madras Plaid" is not original with plaintiff, but has been known and used in the trade for many years prior to 1970. Nor is there any real dispute—and in any event we find—that fabrics containing squares of Indian Madras alternating with squares of solid colors have also been manufactured before. Having said that, however, we conclude on the basis of the evidence before us, and only for purposes of the pending motion, that plaintiff's copyright is valid. Plaintiff's fabric contains alternating squares of an Indian Madras pattern and solid colors. And it is the ensemble on which plaintiff has received its copyright. At least where a design concept has been worked over by many prior designers, the showing of originality necessary to uphold the validity of a copyright is small. In the well-ploughed field on which the parties are waging this contest, plaintiff appears to have achieved a sufficiently " 'distinguishable variation' * * * to meet the modest requirement made of a copyright proprietor 'that his work contains some substantial, not merely trivial, originality.' Chamberlin v. Uris Sales Corp., 2 Cir., 1945, 150 F.2d 512, 513." Millworth Converting Corporation v. Slifka, 276 F.2d 443, 445 (2d Cir. 1960), following Alfred Bell & Co. v. Catalda Fine Arts, Inc., 191 F.2d 99 (2d Cir. 1951), and the quotation there from Gerlach-Barklow Co. v. Morris & Bendien, Inc., 23 F.2d 159 (2d Cir. 1927). See also Donald v. Zack Meyer's T.V. Sales and Service, 426 F.2d 1027, 1029–1030 (5th Cir. 1970); Alva Studios, Inc. v. Winninger, 177 F.Supp. 265, 267 (S.D.N.Y. 1959); Prestige Floral v. California Artificial Flower Co., 201 F.Supp. 287, 289–291 (S.D.N.Y.1962).

Having won this much, however, plaintiff loses its motion for preliminary relief. For the analysis that supports the validity of the copyright moves, in the end, very close to the argument defeating the charge of infringement. Here, too, the opinion in Millworth Converting Corporation v. Slifka, *supra*, is instructive. Drawing upon opinions of Judges L. Hand and Frank, Judge Friendly concluded that the fact that plaintiff's design was based upon a general pattern in the public domain did not undercut the validity of the copyright, but that this fact "remained important on the issue of infringement since defendants are 'entitled to use, not only all that had gone before, but even the plaintiffs' contribution itself, if they drew from it only the more general patterns; that is, if they kept clear of its "expression." ' " Id. 276 F.2d at 445. Cf. Mazer v. Stein, 347 U.S. 201, 217, 74 S.Ct. 460, 98 L.Ed. 630 (1954); Davis v. E. I. DuPont de Nemours & Company, 240 F. Supp. 612, 620 (S.D.N.Y.1965). *Millworth* is explicit that the test for infringement is not the same in cases where the basic design is in the public domain

---

1. Plaintiff has repeatedly argued that since the certificate of registration issued by the Copyright Office is, by itself, *prima facie* evidence of a valid copyright, Flick-Reedy Corp. v. Hydro-Line Manufacturing Co., 351 F.2d 546, 549 (7th Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966); United Merchants and Manufacturers, Inc. v. Sarne Company, 278 F.Supp. 162 (S.D.N.Y. 1967), the existence of the certificate is enough to establish the *"prima facie"* showing of validity necessary for a preliminary injunction (citing the language in Life Music Inc. v. Wonderland Music Company, *supra*, 241 F.Supp. at 654, quoted in the text).

However, it seems obvious that a certificate of registration is *prima facie* evidence of a valid copyright only "in the absence of contradictory evidence." United Merchants and Manufacturers, Inc. v. Sarne Company, *supra*, 278 F.Supp. at 164. Here, defendant has introduced considerable evidence to cast serious doubt on the validity of plaintiff's copyright, and plaintiff cannot foreclose evaluation of this evidence merely by pointing to its certificate. Cf. Ross Products, Inc. v. New York Merchandise Co., 233 F. Supp. 260 (S.D.N.Y.1964); Prestige Floral v. California Artificial Flower Co., 201 F.Supp. 287, 289–291 (S.D.N.Y. 1962).

as it is in cases, such as Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960), where the basic design is original with plaintiff. Cf. Condotti Inc. v. Slifka, 223 F.Supp. 412, 414 (S.D.N.Y.1963). Where, as here, a basic design is not original with a plaintiff, small variations by subsequent designers may protect them from charges of infringement. Millworth Converting Corp. v. Slifka, *supra*, 276 F.2d at 445; Mattel, Inc. v. S. Rosenberg Co., 296 F.Supp. 1024 (S.D.N.Y.1968); Blazon, Inc. v. DeLuxe Game Corp., 268 F.Supp. 416, 424 n. 3 (S.D.N.Y.1965).

■ Upon the particular facts as they appear at this threshold stage, the court concludes that defendant's design does not infringe. The court has noted in this connection as a pertinent, if modest, factor the sworn assurance of defendant's designer that she had never seen plaintiff's fabric, but drew inspiration from sources in the public domain for the accused design. More importantly, the proffered samples have been assessed in terms of the question "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work." Ideal Toy Corporation v. Fab-Lu Ltd. (Inc.), 360 F.2d 1021, 1022 (2d Cir. 1966). At the same time, because the concept of alternating squares of solids and plaids is shown not to be novel, the court has necessarily mixed into the emulsion of pertinent ideas the burden upon plaintiff in such a case of proving extremely close copying.

Accordingly, in positing our hypothetical lay observer and his role in this case, we must assume that he is confronted with the various samples in our present record of Madras plaids alternated with solid squares, this being the general description of plaintiff's, defendant's and other designs in the public domain. With such materials before him, the lay observer would more probably than not reject plaintiff's claim of copying. While the differences between defendant's and plaintiff's designs are small, that is equally true of the differences between plaintiff's and prior designs. Having said that, we conclude that the differences are meaningful ones, and that to the extent that plaintiff's "expression" is separate from the basic "idea" of both designs, the defendant has stayed clear of the copyright.

In defendant's fabric the solid squares of plaintiff's fabric have been divided into two rectangular parts, each differently colored and, to simulate a hand-sewn patchwork effect, each containing hand-drawn stitches somewhat different in type from plaintiff's. Some squares are divided horizontally, some vertically, so that as one's eye moves from solid area to solid area, the axis of symmetry continually rotates ninety degrees. In addition, the Madras-type squares are different in the two fabrics; defendant's fabric is distinguished by a much greater variation in shades of the same color in individual squares, and by a blotter effect in which sections of color within each square spread out beyond straight-line boundaries. The end result of these differences, particularly in the solid areas of the design, is that defendant's fabric is considerably more lively in appearance.[2]

In conclusion: plaintiff's proper claim to originality is an extremely limited one. In this context, defendant's variations are significant, and it has not infringed the "claimed originality and the distinctive features of plaintiff's [design]," Millworth Converting Corporation v. Slifka, *supra*, 276 F.2d at 445.

The motion for a preliminary injunction is denied.

So ordered.

2. In her affidavit, plaintiff's designer concedes that "the originality of Concord's pattern * * * lies not in the uniqueness of the individual elements used in the design but the manner in which these elements have been put together to create an over-all design or impression." Elsewhere, she describes her efforts to achieve a distinctively "balanced" effect. What she says is apt. It also helps, however, to crystallize the distinctly different "effect" of defendant's design.