**LAURATEX TEXTILE CORP.,**
**Plaintiff,**

v.

**CITATION FABRICS CORP. and**
**Jay Gold, Defendants.**

**No. 71–Civ. 2338.**

United States District Court,
S. D. New York.

June 15, 1971.

Helfat & Helfat, New York City, for plaintiff, by David Targ, Bernard A. Helfat, New York City, of counsel.

Salon, Ortner, Yavers, Dershowitz, & Raybin, New York City, for defendants, by Benjamin Greenfield, New York City, of counsel.

CROAKE, District Judge.

MEMORANDUM

Plaintiff Lauratex Textile Corporation has moved pursuant to Rule 65 of the

Federal Rules of Civil Procedure for a preliminary injunction enjoining defendant Citation Fabrics Corporation from manufacturing, converting, selling and distributing textiles bearing a reproduction of a work known as "Intrigue Pattern 5994." The facts of the case are as follows.

## I

Plaintiff is a converter of textiles. It purchases unfinished goods, prints designs thereon, and then sells these goods for use in the garment trade. To make its business profitable, it must offer goods which are both attractive and sold at a competitively low price. Defendant Citation Fabrics Corporation is also engaged in the business of converting textiles.

On September 7, 1970, plaintiff first published its "Intrigue Pattern 5994." By its own admission, the design is a near copy of a design originated by "Gucci," a widely known Italian style originator and manufacturer of women's garments. Similarly, it is conceded by plaintiff that the Gucci design is in the public domain. However, plaintiff claims to have added new features to the Gucci design, including a new lay-out, a double border, and new color combinations. On the basis of these variations, on December 18, 1970, plaintiff was issued Copyright No. H 43219 by the Registry of Copyrights.

From September of 1970 on, plaintiff offered its "Intrigue Pattern" printed on acetate jersey fabric to garment makers at $1.30 per square yard. In May of 1971, it learned that defendant was offering a similar fabric for sale at $1.00 to $1.05 per square yard. At this point in time, suit was commenced against defendant on charges of copyright infringement and unfair competition. Defendant's response was that its own design was also based on the Gucci pattern (which, as previously noted, is in the public domain). Further, it challenged the validity of plaintiff's copyright and, in the alternative, argued that plaintiff's copyright covers only so much of the "Intrigue Pattern" as was added to the Gucci pattern, and that its own variations differed sufficiently from plaintiff's so as to be harmonious with plaintiff's copyright rights.

The decision of the court on plaintiff's request for a preliminary injunction follows.

## II

■ It is now well settled in copyright cases that a preliminary injunction will issue if plaintiff can show "a reasonable probability of prevailing on the merits," Concord Fabrics, Inc. v. Marcus Brothers Textile Corp., 409 F.2d 1315 (2d Cir. 1969), and that this requisite showing of probable success is achieved "by a *prima facie* showing that the moving party's copyright is valid and that the defendant has infringed." Life Music, Inc. v. Wonderland Music Co., 241 F.Supp. 653 (S.D.N.Y.1965).

■ With regard to the requirement of a valid copyright, it is true as defendant argues that a certificate of registration is *prima facie* evidence of a valid copyright only in the absence of contradictory evidence. United Merchants and Manufacturers, Inc. v. Sarne Co., 278 F.Supp. 162 (S.D.N.Y.1967). However, for the purpose of deciding *this motion only*, the court will assume that plaintiff's copyright is a valid one. The juxtaposition of flowers, birds and bees is well-traveled terrain in design concept, and it does not take much in the way of variation to merit a new copyright. But, once this is said, the same reasoning which supports the validity of plaintiff's copyright operates to defeat the charge of copyright infringement.

As previously noted, by offering its uncopyrighted work for sale, Gucci placed it in the public domain. Plaintiff, therefore, is entitled to copyright protection for what it has added to the work, but its protection is limited to these additions. And, if plaintiff can get a valid

copyright by making a few minor variations, then defendant too can get a valid copyright by making a few more variations on the pattern. For, as noted by Judge Frankel in Concord Fabrics, Inc. v. Generation Mills, Inc., (S.D.N.Y. 1971) 328 F.Supp. 1030.

"The test for infringement is not the same in cases where the basic design is in the public domain as it is in cases such as Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 274 F.2d 487 (2d Cir. 1960), where the basic design is original. Where, as here, a basic design is not original with a plaintiff, small variations by subsequent designers may protect them from charges of infringement. Millworth Converting Corp. v. Slifka, 276 F.2d [443] at 445; Mattel, Inc. v. S. Rosenberg Co., 296 F.Supp. 1024 (S.D.N.Y. 1968); Blazon, Inc. v. De-Luxe Game Corp., 268 F.Supp. 416 (S.D.N.Y.1965)."

Thus, the court is left with a situation where, as noted by Judge Frankel in Couleur International, Ltd. v. Opulent Fabrics, Inc., 330 F.Supp. 152, (S.D.N.Y. 1971), "Good eyes and common sense may be as useful as deep study of reported and unreported cases, which themselves are tied to highly particularized facts."

After observing the fabrics in question, this court is not persuaded that there has, in fact, been a copyright infringement. Defendant's fabric is far more easily distinguished from plaintiff's than plaintiff's is from Gucci's. Also, plaintiff makes much of the fact that it is a "style leader" with a large designing staff employed to create original and novel designs, but the court is forced to note that, in this particular instance, there is nothing novel about plaintiff's work. Rather, it appears to be an almost identical copy of the Gucci design.

In short, then, plaintiff has failed to make a showing of probable success on the merits. It is possible, of course, that a trial will reveal facts with regard to the intercorporate intrigue heretofore only hinted at which will warrant the granting of a permanent injunction. But, on the record now before this court, plaintiff's request for a preliminary injunction must be denied.*

So ordered.

---

* Both parties are to be commended for their papers on this motion which, in each instance, were excellent.