**GROLIER, INC., et al., Plaintiffs,**

v.

**EDUCATIONAL READING AIDS CORP. et al., Defendants.**

**No. 76 CIV. 1614.**

United States District Court,
S. D. New York.

June 17, 1976.

Satterlee & Stephens by Robert M. Callagy, James F. Rittinger, John H. Fitzsimons, New York City, for plaintiffs.

Lowenthal, Freedman, Landau, Fisher & Singer, P. C. by Barry H. Singer, Lawrence Ginsberg, New York City, for defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

In this case involving alleged statutory copyright infringement, unfair competition, and trademark infringement, plaintiffs seek summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on that cause of action specifically alleging statutory copyright infringement. Alternatively, they seek the continuance and extension of the temporary restraining order already entered in this action into a preliminary injunction pursuant to Rule 65. For the reasons set out below, the court denies the motion for summary judgment and grants the motion for a preliminary injunction.

On June 1, 1973, plaintiff Grolier Educational Corporation ("GEC") published a program entitled Pre Reading Enrichment Program ("PREP") which was designed to teach pre-school age children skills needed for learning to read. The program contains a series of lessons and includes a Parents' Guide, a Work Book, a Coloring Book, and 16 "Magic Books." These elements are packaged in a compact carrying case and the so-called "Magic Books" come with a pen that enables the child to select an answer from a multiple of choices and which lights up when the child selects the correct answer. Each of the components of the kit, including the carrying case, contains the appropriate copyright notification as follows:

"Copyright © 1973, Grolier Educational Corporation". On or about May 15, 1974, two ·copies of the program and Form A, Certificate Registration of a Claim to Copyright, were filed with the United States Copyright Office in Washington, D. C.

Plaintiffs maintain that on or about March 23, 1976, it was brought to their attention that a substantially similar pre-reading program entitled "PR1" was being published by defendant Educational Read-

ing Aids Corp., with a 1976 publication date. As with the PREP program, PR1 consists of a Parents' Guide, a Work Book, a Coloring Book, and Magic Books, packaged in a compact carrying case. The Magic Books in defendants' set are accompanied by a water pen which causes the answer box to turn green when a child chooses the correct answer to the multiple choice problems in the Magic Books.

A *prima facie* case of copyright infringement is established by proof of both ownership of a valid copyright (this is presumed where a certificate of registration has been issued), and copying by the alleged infringer. Copying can be inferred from evidence of access to the copyrighted material by the alleged infringer, and substantial similarity between the copyrighted material and that produced by the alleged infringer. *Nimmer on Copyright*, §§ 139, 141–143.11, pp. 601–626.6.

Based on such criteria, a *prima facie* case has been made out in the instant action. The question of access was clearly resolved by the testimony of defendant Dorothy M. Dietrich, given at a hearing before Judge Lasker on April 9, 1976, at which time Judge Lasker decided to keep in force a temporary restraining order which he had imposed at a preliminary hearing in this matter on April 7, 1976. At that hearing, defendant Dietrich stated that she had been retained by defendant Educational Reading Aids Corporation in September 1975 specifically to examine plaintiffs' kit and to determine whether it would be feasible to develop and sell a kit with the same aims and market in mind. (Tr., pp. 20–21.)

While defendant Dietrich specifically states that she did not "copy" plaintiffs' kit in developing the PR1 program, an examination of the two kits by this court leads it to the conclusion that the similarity between the two kits is of such substantiality as to meet the criteria necessary for establishing a *prima facie* case of copyright infringement. In making this finding, the court notes that the PR1 has adopted with remarkable fidelity the content, format, sequence and presentation of the various skills presented, and indeed has with two exceptions chosen to teach exactly the same set of skills included in the PREP program, despite defendant Dietrich's testimony that many other skills do exist appropriate for teaching in a pre-reading course. Among the many similarities is the fact that defendants have chosen a teaching approach which alternates between workbook exercises and the self-checking "Magic Book" approach, with the same skills being taught with the same approach in each system and in approximately the same sequence. While defendants note that there are some variations in the two courses, the court must assess the scope and extent of similarities between the items being considered rather than any dissimilarities which may be discerned. *See, e. g., Puddu v. Buonamici Statuary, Inc.*, 450 F.2d 401, 402 (2d Cir. 1971).

The defense which defendants assert most vigorously in this action is the contention that plaintiffs have merely produced a compilation of materials in the public domain. To the extent that defendants base their argument on the fact that plaintiffs have compiled a collection of essentially non-original pre-reading exercises, this does not suffice to defeat plaintiffs' right to a copyright as to an original compilation of such non-original exercises. *See generally Nimmer on Copyright*, § 39 *et seq.*, p. 165 *et seq.* In a seminal case in this area, Justice Story considered a plaintiff's allegation of copyright infringement based upon a defendant's arithmetic textbook which incorporated the same plan and arrangement of individual lessons as that contained in plaintiff's textbook. The Court rejected defendant's argument that no copyright protection was available to plaintiff because the elements of each lesson in his textbook were in the public domain and not original:

"... If no book could be the subject of copyright which was not new and original in the elements of which it is composed, there could be no ground for any copy-right in modern times, and we would be obliged to ascend very high, even in antiquity, to find a work entitled

to such eminence . . . In truth, every author of a book has a copyright in the plan, arrangement and combination of his materials, and in his mode of illustrating his subject, if it be new and original in its substance." *Emerson v. Davies*, 8 Fed.Cas. 615, 619, No. 4436 (C.C.D.Mass. 1845). *See also Nimmer on Copyright*, § 39, pp. 165–67.

■ Thus, to the extent that defendants contend that plaintiffs had no right to a copyright because the skills included in PREP are in the public domain, such a defense must fail. However, there is another approach which, if pursued successfully by defendants, might prove to counter plaintiffs' case. In essence, in order for defendants to successfully challenge the validity of plaintiffs' copyright on "public domain" grounds, they would have to show that there existed pre-reading kits prior to PREP which presented the underlying skills in essentially the same arrangement and format as that adopted by plaintiffs.

Defendants have not raised this issue squarely. At a hearing before this court on April 13, 1976, attorney for defendants addressed the issue rather peripherally:

"THE COURT: Your first issue of fact is whether their materials are in the public domain to start with. This is preschool reading kits.

MR. SINGER: No, it is not preschool reading kits, your Honor. I am not contending that the idea of preschool reading kits—well, I am contending that they are in the public domain. But even if they weren't, I don't think you can copyright the taking of an established body of knowledge and putting it into old hat form learning kits. What I am saying is that the common elements, the fact of a learning kit, the fact of a certain sequence of learning skills, that these are the things which are in the public domain, and that there is nothing copyrightable about having the idea of taking these common sequences and putting them into a box like that." [Tr., pp. 20–21.]

Despite the fact that this issue as to the prior existence of other similar pre-reading kits seems at best nebulously raised in this exchange and is not directly addressed in the papers submitted in behalf of defendants, the court does find it to be a viable potential issue of fact. As the Second Circuit has consistently held, "[w]hen the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought . . . with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *Heyman v. Commerce and Industry Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975).

■ However, the court does not view the existence of this potential fact question as an impediment to the necessary finding of probable success on the merits which is a prerequisite to the issuance of a preliminary injunction. In deciding a motion for a preliminary injunction in a copyright infringement action, the issue before the court is not whether there is infringement as a matter of law, but rather whether the evidence upon such motion convinces the court that the plaintiff will probably ultimately prevail at the trial. *See, e. g., American Visuals Corp. v. Holland*, 261 F.2d 652 (2d Cir. 1958); *Mattel, Inc. v. S. Rosenberg Co., Inc.*, 296 F.Supp. 1024 (S.D.N.Y.1968). Especially given the Second Circuit's stringent reluctance to grant summary judgment in all but the most clearly delineated factual situations, there is no inconsistency in denying such a motion and granting a motion for preliminary injunction. *See, e. g., Herbert Rosenthal Jewelry Corp. v. Grossbardt*, 428 F.2d 551 (2d Cir. 1970).

■ In the instant case, the clear proof of access and the court's finding of substantial similarity between the two teaching programs make it appear very likely that plaintiffs will succeed on the merits. The issue of fact as to prior similar programs, while sufficient to ward off summary judgment, does not appear likely to lead to a different ultimate result, given the present record in this case. While attorneys for

both sides now concede that there do exist other pre-reading kits, no evidence has been submitted to show the similarity of these to the PREP program. Indeed, defendant Dietrich, whom defendants presented as an expert well versed in the field, was not even aware of the existence of any other kits. When defendant Educational Reading Aids Corporation hired Ms. Dietrich to examine the possibility of developing a pre-reading kit, she was given only the PREP program as a model.

■ Accordingly, the court in its discretion finds that there has been a showing in this case of probable success on the merits sufficient to warrant granting of a preliminary injunction. Of course, the granting of a preliminary injunction likewise requires a showing of the likelihood of irreparable harm, but detailed proof on that issue is unnecessary since injury is presumed where a copyright is infringed. *Uneeda Doll Co., Inc. v. Goldfarb Novelty Co., Inc.*, 373 F.2d 851 (2d Cir. 1967); *American Metropolitan Ent. of N. Y. v. Warner Bros. Records, Inc.*, 389 F.2d 903 (2d Cir. 1968). In the instant case, plaintiffs' contention, presented in affidavits to this court, that the two kits at issue are in direct competition for a relatively small market fulfills the requirement as regards a showing of harm.

Given these findings, the court hereby grants plaintiffs' motion for a preliminary injunction based on copyright infringements grounds, and denies their motion for summary judgment addressed to the same cause of action.

Submit order on five days' notice.

SO ORDERED.